DENNIS HIGDON v. NANTAHALA POWER AND LIGHT COMPANY, SELF-INSURER.

(Filed 19 September, 1934.)

**1. Courts A c—**

Where no procedure for appeal is prescribed by statute, the rules regulating appeals from a justice of the peace are applicable and controlling.

**2. Master and Servant F i—**

The statutes regulating appeals from a justice of the peace are applicable and control in appeals from the Industrial Commission to the Superior Court, N. C. Code, 8081 (ppp), failing to provide the procedure for such appeals.

**3. Same—Notice of appeal from award of Industrial Commission held not given appellee as required by statutes applicable.**

A carbon copy of a letter written by the secretary of the Industrial Commission to the attorneys for appellant relating to the appeal, which carbon copy is sent by the secretary of the Industrial Commission to the attorneys for appellee, is not sufficient notice to appellee of an appeal from an award of the Industrial Commission, appeals from the Industrial Commission, N. C. Code, 8081 (ppp), being governed by the statutes regulating appeals from a justice of the peace, and such notice being insufficient under the statutes applicable, C. S., 1530, 1531, the appeal was properly dismissed in the Superior Court.

CIVIL ACTION, before *Alley, J.,* at May Term, 1934, of JACKSON.

The plaintiff sustained an injury to his right ankle on 7 June, 1933, and asserted that he was in the employ of the defendant at the time of the injury. The defendant asserted that the plaintiff was an independent contractor. A claim was filed with the Industrial Commission and a hearing had thereon, and the hearing commissioner found that the

plaintiff was not entitled to recover, and denied an award. Upon appeal to the full Commission the award of the hearing commissioner was approved and the claim denied. On 9 January, 1934, the attorney for the plaintiff gave notice of appeal to the Industrial Commission, and on 12 January, 1934, the secretary of the Industrial Commission wrote a letter to plaintiff's attorney, stating: "Enclosed herewith certified copy of the record in the above case for your use in docketing appeal in the Superior Court of Jackson County, together with bill covering same. In order to complete our records, please let us have information as to date this appeal is docketed and let us have copy of judgment. Yours very truly, E. W. Price, Secretary. cc to: Messrs. Black & Whitaker, Attorneys, Bryson City, N. C." Black & Whitaker are attorneys of record for the defendant. Thereafter the defendant made a special appearance in the Superior Court to dismiss the appeal of plaintiff for the reason "that no notice of appeal from the award of said Industrial Commission in North Carolina has ever been served on the said defendant or its attorney by the said plaintiff, acting either for himself or by and through his attorney, as is provided for or required by law."

Thereupon the trial judge, after considering the motion, dismissed the appeal, and the plaintiff appealed to this Court.

*E. P. Stillwell for plaintiff.*
*S. W. Black for defendant.*

BROGDEN, J. Does the carbon copy of the letter of the secretary of the Industrial Commission to the attorneys of defendant constitute a notice of appeal as contemplated by law?

C. S., Michie's Code, 8081 (ppp), provides that "either party to the dispute may, within thirty days from the date of such award, or within thirty days after receipt of notice to be sent by registered mail of such award, but not thereafter, appeal from the decision of said Commission to the Superior Court . . . for errors of law, under the same terms and conditions as govern appeals in ordinary civil actions," etc. It is obvious that the Compensation Act provides no specific machinery for appeal to the Superior Court, except the words, "under the same terms and conditions as govern appeals in ordinary civil actions." It has been held in this State that where no procedure is prescribed by statute for appeals, the rules regulating appeals from a justice of the peace are applicable and control. This principle was first expressed in *Blair v. Coakley,* 136 N. C., 405, 48 S. E., 804, as follows: "In the absence of any procedure prescribed by statute, we must proceed by analogy to the practice in other like cases, so that the intent and purpose of the Legislature may be effectuated as near as may be, and that the right of appeal

may be preserved to the citizen, and at the same time not abused. It is well, therefore, to adopt the rules regulating appeals from justices' courts as being more nearly analogous to those which should govern in cases like the one under review, and more likely to carry out the intention of the Legislature and less apt to work injustice to the parties. We think, further, that those rules are reasonable and necessary to prevent delay, and they can easily be observed." See *S. v. Carroll,* 194 N. C., 37, 138 S. E., 339.

The statutes regulating appeals from judgments rendered by justices of the peace are C. S., 1530 and 1531. The carbon copy of a letter from the secretary of the Industrial Commission to the attorney for the defendant cannot be construed as a compliance with the applicable statutes. McIntosh, in North Carolina Practice and Procedure, p. 776, section 677, says: "An appeal is the act of the party and not of the court, and it requires the entering of the appeal and giving notice in the manner provided by statute." In the case at bar the appealing party did not give notice as required by law. The trial judge therefore ruled correctly.

Affirmed.