LANE BUCHANAN, ELDRIDGE BUCHANAN, GURNEY BUCHANAN, SAM GOUGE, FLETCHER PHILLIPS AND ERNEST CROWDER v. T. B. VANCE, JR., AND WIFE, PEARL VANCE, ETHEL WALKER AND HUSBAND, JOHN WALKER.

(Filed 18 March, 1953.)

**1. Notice § 3: Injunctions § 8—**

Upon return of an order to show cause why plaintiff should not be attached as for contempt, heard out of term and in another county, *held* the question of vacating the restraining order theretofore issued in the cause is not before the court, and there being no notice that a hearing relative to vacating the restraining order would then be heard, and no waiver of such notice, order dissolving the restraining order is erroneous and will be vacated and set aside on appeal.

**2. Pleadings § 19c—**

Upon demurrer for failure of the complaint to state facts sufficient to constitute a cause of action, the complaint will be liberally construed in favor of the pleader, and the demurrer overruled if the complaint, so construed, is sufficient.

APPEAL by plaintiffs from *Sink, J.,* at Chambers in Davie, 4 December, 1952. From AVERY.

Civil action in trespass, heard below on return of order requiring the plaintiffs to show cause why they should not be attached as for contempt of court.

On 7 July, 1952, the plaintiffs instituted this action, alleging they are the leasehold owners of certain mining properties located in Avery County upon which the defendants were trespassing and taking and removing mica. By temporary order of injunction the defendants were restrained from entering the mines or "interfering with the plaintiffs' rights to mine and remove the minerals and enjoy the privileges granted to them under their lease."

Thereafter, two of the six plaintiffs conveyed their interest under the lease to the other four plaintiffs.

Following this, and on 21 July, 1952, by order of Judge Sink the temporary restraining order was continued to the final hearing, provided that within ten days the plaintiffs "file with the Clerk" a $15,000 justified bond "by way of indemnity to the defendants for such amount, if any, as they may show they have been endamaged by the continuance of the restraining order."

On 29 July, 1952, the plaintiffs filed the $15,000 justified bond, conditioned as required by Judge Sink's order, signed as principal makers by the four plaintiffs who were the then owners of the leasehold properties.

On 31 July, 1952, counsel for the two plaintiffs who had sold their interests filed with the Clerk a writing, signed by counsel, stipulating that each of these two plaintiffs "takes a voluntary nonsuit" in the case.

On 12 November, 1952, Judge Sink issued an order, on motion of the defendants, requiring the plaintiffs to appear before him at a designated time and place outside the County of Avery, and show cause why they "should not be attached and punished as for contempt of this Court." The plaintiffs answered and appeared before Judge Sink and moved to vacate the order to show cause. At the contempt hearing Judge Sink entered judgment discharging the plaintiffs from the charge of contempt of court, but vacating and dissolving the restraining order previously entered in the cause and taxing the plaintiffs with the costs.

To so much of the judgment as relates to the restraining order and taxes the plaintiffs with the costs, the plaintiffs excepted and appealed, assigning errors.

*J. Ray Braswell, McBee & McBee, and W. E. Anglin for plaintiffs, appellants.*

*Charles Hughes and Burke & Burke for defendants, appellees.*

JOHNSON, J. On the record as presented, the question of vacating the restraining order was not before the court. The plaintiffs were ordered

to appear and show cause why they should not be attached "as for contempt." The judgment was entered out of term, in another county, without notice that a hearing would be had relative to vacating the restraining order. Notice of this was necessary; waiver has not been made to appear.

It follows that the restraining order was erroneously dissolved. The judgment appealed from, except as it discharges the plaintiffs from the charge of contempt of court, will be vacated and set aside, and the restraining order will be deemed and treated as being reinstated, and it is so ordered. Decision here is controlled by the principles explained by *Ervin, J.,* and applied by the Court in *Collins v. Highway Commission, ante,* 277.

In this view of the case we do not reach for decision the question whether the grounds recited in the judgment as cause for dissolving the restraining order, including failure of two of the plaintiffs to sign the bond, are sufficient in law, without more, to entitle the defendants to a dissolution of the restraining order. It is observed, however, that the bond appears to be conditioned substantially as required by the order and is signed by E. C. Guy, surety, who justified. Also, it appears that the bond was filed with and approved by the Clerk as required by the order.

In this Court the defendants demurred *ore tenus* to the complaint for failure to state a cause of action. We are of the opinion and so hold that the demurrer should be overruled. The complaint, when construed with the degree of liberality required, presents facts sufficient to constitute a cause of action. *Scott v. Insurance Co.,* 205 N.C. 38, 169 S.E. 801, and cases cited. See also *Williams v. Aldridge Motors, ante,* 352.

The case will be remanded for further proceedings in accord with this opinion.

Error and remanded.