A. S. AUSTIN, LLOYD STYRON, LEO PEELE, JR., AND PRESTON BASNETT, TAXPAYERS OF DARE COUNTY, FOR THEMSELVES AND SUCH OTHER TAXPAYERS OF DARE COUNTY AS MAY MAKE THEMSELVES PARTIES TO THIS ACTION, v. THE COUNTY OF DARE; THE BOARD OF COUNTY COMMISSIONERS OF DARE COUNTY, AND C. C. DUVALL, LAWRENCE L. SWAIN, JAMES W. SCARBOROUGH, W. H. LEWARK, AND LLOYD SCARBOROUGH, INDIVIDUALLY.

(Filed 29 September, 1954.)

Appeal and Error § 5—

When pending appeal from the denial of plaintiff's application for a temporary restraining order, the act sought to be restrained has been consummated, whether defendant should have been restrained *pendente lite* becomes an academic question, and the appeal will be dismissed.

APPEAL by plaintiffs from *Carr, J.*, Presiding Judge of the First Judicial District, heard 17 March, 1954, in Elizabeth City, N. C., by consent, from DARE.

Plaintiffs appeal from Judge Carr's denial of their application for a temporary restraining order.

In 1942, David L. Lindquist, reserving a life estate, gave to Dare County a tract of some 680 acres in Nags Head Township. A deed therefor was executed and delivered, reciting that the gift was made "to the end that this land will be ultimately for the public benefit and in the advancement of the County's recreational and material interest." In 1944, part of said tract was condemned for the use of the United States Coast Guard. The remainder, referred to as the 640-acre Bodie Island tract, lies within the Cape Hatteras Seashore National Park. Established by Act of Congress, this park, under the direction of the Secretary of Interior, is for the recreation, benefit and enjoyment of the public.

Pursuant to a Declaration of Taking, the right of the United States of America to said land was adjudged in condemnation proceedings, leaving at issue only the amount of damages to be paid Dare County as compensation therefor. Under these circumstances, Dare County, acting through its Board of County Commissioners, agreed to sell and convey the land to the United States of America for the sum of $50,000.00.

Plaintiffs alleged that the value of the land was not less than $125,-000.00; that the taxpayers of Dare County would suffer irreparable damage if defendants made the sale and conveyance for a consideration less than $125,000.00; and that the contemplated transaction should be enjoined. After hearing, Judge Carr denied plaintiffs' application. Plaintiffs appealed.

*Frank B. Aycock, Jr.,* for plaintiffs, appellants.
*Martin Kellogg, Jr.,* and *John H. Hall* for defendants, appellees.

BOBBITT, J. The court below denied plaintiffs' application for a temporary restraining order, thus deciding the only question presented at the hearing. Thereafter, Dare County conveyed the lands to the United States of America for the consideration of $50,000.00. It was so stated upon the argument here. The sale and conveyance having been consummated, whether Judge Carr should have restrained the defendants, *pendente lite,* is now an academic question. It is quite obvious that a court cannot restrain the doing of that which has been already consummated. *Surety Corp. v. Sharpe,* 233 N.C. 644, 65 S.E. 2d 137; *Saunders v. Bulla,* 232 N.C. 578, 61 S.E. 2d 607; *Efird v. Comrs. of Forsyth,* 217 N.C. 691, 9 S.E. 2d 466. Hence, plaintiffs' appeal must be dismissed. *Cf.: Savage v. Kinston,* 238 N.C. 551, 78 S.E. 2d 318.

Appeal dismissed.