MAGGIE C. MEDLIN v. J. F. CURRAN, DANA DICKENS AND W. D. HARDEN, CONSTITUTING THE BOARD OF ELECTIONS OF HALIFAX COUNTY.

(Filed 21 March, 1956.)

**Appeal and Error § 6—**

Where an act sought to be restrained has been done pending the appeal, the appeal from the order dissolving the temporary restraining order presents an academic question and will be dismissed.

APPEAL by plaintiff from *Parker (Joseph W.), J.,* at 28 December, 1955 Term, of HALIFAX.

Civil action to restrain and prohibit defendants as Board of Elections of Halifax County from canvassing the returns from the alleged election

on question of legalized sale of wine, held on 13 December, 1955, in rural Brinkleyville Township, and declaring the results of the same, and that said election be declared illegal and contrary to law and therefore void. A temporary order was signed as prayed and requiring defendants to show cause on 28 December, 1955, why the order so made should not be continued until the final judgment in the action. Upon hearing on the order to show cause, the court by order duly signed vacated and dissolved the temporary restraining order as aforesaid, and authorized and directed the Board of Elections of Halifax County, North Carolina, to proceed with the canvassing of the returns of said election in Brinkleyville Township and judicially declare the results and make return thereof in the form and manner provided by law.

Plaintiff excepted, and appeals to Supreme Court, and assigns error.

*Gay & Midyette and Geo. C. Green for Plaintiff, Appellant.*
*Allsbrook & Benton and Joseph Branch for Defendants, Appellees.*

PER CURIAM. On hearing of appeal in this Court, it was not controverted that the Board of Elections aforesaid has proceeded as authorized, so that now the matter is a fact accomplished, that is, *fait accompli.* Decisions of this Court uniformly hold that where pending an appeal to this Court from an order dissolving a temporary restraining order, the act sought to be restrained has been consummated, question as to whether defendants should have been restrained pending final hearing becomes academic, and the appeal will be dismissed. So, be it, here! See *Austin v. Dare County,* 240 N.C. 662, 83 S.E. 2d 702.

Appeal dismissed.