A. W. ARCHER, A TAXPAYER OF CLEVELAND COUNTY, ON BEHALF OF HIMSELF AND ALL OTHER TAXPAYERS OF CLEVELAND COUNTY, v. Z. V. CLINE, CHAIRMAN ; KNOX SARRATT, F. L. ROLLINS, JOHN D. WHITE, AND H. B. BUMGARDNER, MEMBERS, BOARD OF COMMISSIONERS FOR CLEVELAND COUNTY, NORTH CAROLINA.

(Filed 28 June, 1957.)

**Appeal and Error § 6—**

Where it is made to appear on appeal that the election sought to be restrained had been held pending plaintiffs' appeal from order denying injunctive relief, the appeal must be dismissed as presenting only a moot question.

APPEAL by plaintiff from *Froneberger, J.,* resident of 27th Judicial District, in Chambers—CLEVELAND County, North Carolina, 26 April, 1957.

Civil action upon complaint of plaintiffs, seeking to enjoin defendants, as the Board of Commissioners of Cleveland County, North Carolina, from proceeding with election on questions of proposed issuance by said county of (1) $310,000 Water Bonds, and (2) $105,000 Sanitary Sewer Bonds pursuant to County Finance Act, as amended by act of the 1957 Session of the General Assembly of North Carolina, entitled: "AN ACT AMENDING THE COUNTY FINANCE ACT TO AUTHORIZE THE ISSUANCE OF BONDS BY COUNTIES FOR WATER SYSTEMS AND SANITARY SEWER SYSTEMS AND FIXING THE MAXIMUM MATURITIES OF SUCH BONDS, AND AMENDING SECTION 153-9 OF THE GENERAL STATUTES TO AUTHORIZE COUNTIES TO ACQUIRE, CONSTRUCT, OPERATE, LEASE AND DISPOSE OF WATER SYSTEMS AND SANITARY SEWER SYSTEMS AND TO CONTRACT FOR THE OPERATION AND LEASE OF SUCH SYSTEM AND FOR A SUPPLY OF WATER AND THE DISPOSAL OF SEWAGE."

Defendants, answering complaint of plaintiffs, admitted that they were proceeding with preparation for the holding of such bond election, on 8 June, 1957, and planned to continue with such preparation, and prayed that relief sought by plaintiff be denied.

The cause came on for hearing upon stipulated facts, upon which the court "ordered, adjudged, and decreed that: (a) The plaintiff's prayer for an injunction or restraining order should be and hereby is

18-246

denied; (b) the plaintiff's action should be and hereby is dismissed; and (c) the plaintiff is to be taxed with the costs by the Clerk."

Plaintiff excepted to the above judgment and appeals to Supreme Court, and assigns error.

*L. T. Hamrick for Plaintiff Appellant.*

*C. C. Horn, J. A. West, and A. A. Powell for Defendants Appellees.*

*Attorney-General George B. Patton, Amicus Curiae.*

PER CURIAM. The parties have stipulated, and filed with this Court under date 10 June, 1957, stipulation in which it is agreed (1) that the bond election, sought to be enjoined, was held on Saturday, 8 June, 1957, and (2) that on Monday, 10 June, 1957, the election returns were canvassed and the official results announced. Thus it appears that the act sought to be enjoined or restrained has been consummated. Hence whether defendants should have been restrained pending final hearing becomes and is now an academic or moot question, and the appeal will be dismissed. As stated in *Austin v. Dare County,* 240 N.C. 662, 83 S.E. 2d 702: "It is quite obvious that a court cannot restrain the doing of that which has been already consummated," citing cases, and "plaintiff's appeal must be dismissed." See also *Smith v. Freeman,* 243 N.C. 692, 91 S.E. 2d 925; *Walker v. Moss,* 246 N.C. 196, 97 S.E. 2d 836.

Appeal dismissed.