EARL TOPPING v. HYDE COUNTY BOARD OF EDUCATION, CONSISTING OF GRATZ SPENCER, CHAIRMAN, WALTER LEE GIBBS AND CRAWFORD CAHOON, MEMBERS, AND TOMMIE GAYLORD, SECRETARY OF

THE SAID BOARD AND SUPERINTENDENT OF PUBLIC INSTRUCTION OF HYDE COUNTY.

(Filed 17 September, 1958.)

**Appeal and Error § 6—**

Where, pending appeal, the act which plaintiff sought to restrain has been done, the appeal from the denial of a temporary restraining order becomes academic, and the appeal will be dismissed.

APPEAL by plaintiff from *Paul*, Resident Judge of the Second Judicial District, in chambers at Washington, North Carolina, on 24 March 1958. From HYDE.

Civil action by plaintiff, a resident freeholder and taxpayer of Hyde County, to restrain the Hyde County Board of Education, its members, and Tommie Gaylord, Secretary of the Hyde County Board of Education and Superintendent of Public Instruction of the County, from entering into a contract for the erection of a consolidated High School building to be known as the Mattamuskeet High School, heard upon an order to appear and show cause why a temporary restraining order should not be issued.

After hearing the evidence Judge Paul denied plaintiff's motion for a temporary restraining order, and the plaintiff appeals.

*LeRoy Scott for plaintiff, appellant.*
*O. L. Williams for defendants, appellees.*

PER CURIAM. During the argument before us counsel for plaintiff and defendants admitted that pending the appeal the defendants have already entered into the contract, which the plaintiff seeks to enjoin. Since the contract has been made, a court cannot restrain the making of it. The question whether Judge Paul should have enjoined the making of the contract is now academic. Therefore, in accord with many decisions of this Court, the appeal will be dismissed. *Efird v. Comrs. of Forsyth,* 217 N.C. 691, 9 S.E. 2d 466; *Austin v. Dare County,* 240 N.C. 662, 83 S.E. 2d 702; *Medlin v. Curran,* 243 N.C. 691, 91 S.E. 2d 713; *Walker v. Moss,* 246 N.C. 196, 97 S.E. 2d 836; *Archer v. Cline,* 246 N.C. 545, 98 S.E. 2d 889.

Appeal Dismissed.