MRS. RAYMOND ADAMS, DR. C. T. JOHNSON, H. D. JONES AND MISS MARY McEACHERN, INDIVIDUALLY AND AS TRUSTEES OF FLORA MAC-DONALD COLLEGE, A CORPORATION, v. FLORA MACDONALD COLLEGE, A CORPORATION.

(Filed 17 September, 1958.)

**1. Injunctions § 8—**

Upon the hearing of a motion for continuance to the final hearing of the temporary restraining order issued in the cause, the court has no jurisdiction to adjudicate the merits of the controversy, and the facts found by the trial court will be vacated and set aside insofar as they relate to the merits and will be treated as having no binding effect except insofar as they support the court's ruling in denying injunctive relief *pendente lite.*

**2. Appeal and Error § 1—**

The jurisdiction of the Supreme Court is derivative, and where the court below has no jurisdiction, the Supreme Court can acquire none by appeal.

**3. Appeal and Error § 6—**

Where, pending appeal from order dissolving a temporary restraining order, the act sought to be restrained has been done, the appeal becomes academic and the Supreme Court will express no opinion as to the merits of the moot question presented by the appeal.

Appeal by plaintiffs from *Williams, J.,* assigned to and holding the Courts of the Sixteenth Judicial District, at Chambers in Sanford by consent, March 22, 1958. From ROBESON.

Civil action by plaintiffs for permanent injunction to restrain the defendant, Flora Macdonald College, its Trustees, officers, and agents from executing a proposed agreement merging and consolidating Flora Macdonald College, Presbyterian Junior College for Men, and Peace

College into a single new corporation which is to operate a four-year co-educational college at Laurinburg.

The plaintiffs are trustees of Flora Macdonald College. Most of the background facts set out in the complaint are substantially the same as those alleged by the plaintiffs in a former action between the same parties, summarized in the opinion on appeal in that case reported in 247 N.C. 648, 101 S.E. 2d 809.

The corporate status of Flora Macdonald College is alleged in the instant complaint substantially as in the former complaint. In gist, it is that the College is controlled by the Fayetteville, Wilmington, and Orange Presbyteries through a board of trustees elected by and responsible to those Presbyteries. It is further alleged in the instant complaint that on July 13, 1955, the Presbyterian Synod of North Carolina adopted a resolution looking to the establishment of a co-educational college in Eastern North Carolina, by the consolidation and merger of Flora Macdonald College, now operated at Red Springs, Presbyterian Junior College for Men, at Maxton, and Peace College, Raleigh; that thereafter the three Presbyteries which control Flora Macdonald College adopted a resolution approving and authorizing the three-college merger as proposed by the Synod of North Carolina. On June 26, 1957, the Synod by resolution called upon the three colleges to execute an agreement of consolidation which by its terms would consolidate the three colleges into a single corporation and co-educational college, to be located in Laurinburg, North Carolina.

The plaintiffs further allege:

"14. Peace College has now definitely refused to enter into the said proposed merger, and has refused to execute said proposed merger agreement, and said Peace College is now definitely out of the proposed merger of the said three colleges, and it will continue to operate in Raleigh as a separate entity; and with said Peace College out of the said proposed merger, which contemplated the merger of all three colleges — Peace, Flora Macdonald and Presbyterian Junior College for Men, the said Trustees of Flora Macdonald College are, nevertheless, threatening to and are about to and will, if not enjoined from so doing, wrongfully and unlawfully execute said proposed merger agreement and thereby will cause said Flora Macdonald College to suffer irreparable injury and damage with no adequate remedy at law."

"16. . . . the defendant has threatened, and it now threatens, to, and it is about to cause injury to the plaintiffs and the said Flora Macdonald College, and do irreparable damage by its threatened unlawful conduct of proceeding to execute said invalid merger agreement, in violation of the action of the three Presbyteries in providing for a merger of the three said colleges, whereby the present operation of Flora Macdonald College would be discontinued forthwith; and the

Chairman has called a meeting of the Board of Trustees of Flora Macdonald College for such unlawful purpose.

"17. Petitioning the Court that this Complaint be treated as an affidavit, the plaintiffs, through their attorneys, move the Court that the Court issue an Order forthwith restraining and enjoining the defendant and its trustees, officers, representatives, agents and employees from executing or undertaking to execute any merger or consolidation agreement or instrument as referred to hereinbefore and restraining and enjoining the defendant and its trustees, officers, representatives, agents and employees from performing or undertaking to perform any act that would transfer, impair or affect title to any of the defendant's property, . . . (or) in anywise interfere with or affect . . . Flora Macdonald College in its maintenance and operation or tend to do so or purport to do so, all in order that this matter may be kept in status quo until the final determination of this action, the Court notifying the defendant to appear before the Court on a date and at a time and place to be fixed by the Court, or as soon thereafter as the Court may hear the defendant, to show cause, if any, why the temporary restraining order should not be continued in full force and effect until the final determination of this action or in lieu of such restraining order why a temporary injunction should not be issued by the Court for the same purpose, the same to be in full force and effect until the final determination of this action."

The prayers for relief are for (1) a temporary restraining order as applied for in Paragraph 17 of the complaint; (2) that the temporary order of injunction be continued until the final determination of the action; (3) for permanent injunction, forever enjoining the defendant, its trustees and agents, from merging or consolidating Flora Macdonald College with any other college, or otherwise abandoning the College and its maintenance and operation; and (4) for general relief.

On February 10, 1958, the day the action was instituted, the plaintiffs obtained a temporary restraining order forbidding the defendant from executing the proposed consolidation agreement. The case came on for hearing before Judge Williams on March 1, 1958, upon (1) the plaintiffs' motion for continuance of the temporary order until final determination of the cause, and (2) the defendant's counter motion that the temporary order be dissolved. Upon consideration of the affidavits and documents submitted by the plaintiffs and the defendant, and the arguments of counsel, Judge Williams made extensive findings of fact and conclusions of law, and entered judgment not only denying the plaintiffs' motion for continuance of the restraining order, but also finally adjudging that the plaintiffs were not entitled to permanent injunctive relief, and dismissing the action. From the

judgment so entered, the plaintiffs appealed, and moved the trial court for supersedeas pending appeal. The motion was denied.

*Varser, McIntyre, Henry & Hedgpeth and Douglass and M'cMillan for plaintiffs, appellants.*

*Smith, Leach, Anderson & Dorsett for defendant, appellee.*

JOHNSON, J.    The matter of determining finally whether the defendant, Flora Macdonald College, and its Board of Trustees were authorized to execute the consolidation agreement was not within the scope of the hearing below. The only question before the court was whether the temporary order restraining execution of the agreement should be continued so as to preserve the status quo until final adjudication of the case. It necessarily follows that the court erred in concluding and adjudging as matters of finality (1) that the defendant and its Board of Trustees were authorized to execute the consolidation agreement, (2) that the plaintiffs were not entitled to the permanent injunctive relief demanded, and (3) that the action should be dismissed. Therefore, the judgment appealed from, except as it denies the plaintiffs' motion for injunctive relief *pendente lite* and dissolves the temporary restraining order previously issued, will be vacated and set aside, and the facts found and conclusions made by the court will be deemed and treated as having no binding effect, except insofar as they support the court's ruling in denying injunctive relief *pendente lite.* See *Buchanan v. Vance,* 237 N.C. 381, 75 S.E. 2d 240; *Mosteller v. R. R.,* 220 N.C. 275, 17 S.E. 2d 133; 43 C.J.S., Injunctions, Sec. 253. Since the court at the hearing below was without jurisdictional authority to finally adjudicate the question whether the defendant and its Board of Trustees were empowered to execute the consolidation agreement (21 C.J.S., Courts, Sec. 15 (b)), this Court upon the record as presented is without jurisdiction to decide the question. The jurisdiction of the Supreme Court is derivative, and where the court below has no jurisdiction, the Supreme Court can acquire none by appeal. *Temple v. Temple,* 246 N.C. 334, 98 S.E. 2d 314; *Baker v. Varser,* 239 N.C. 180, 79 S.E. 2d 757; *Spaugh v. Charlotte,* 239 N.C. 149, 79 S.E. 2d 748.

We also take note of admissions made by counsel for both sides during the argument here to the effect that after the temporary restraining order was dissolved and pending appeal the defendant executed the consolidation agreement sought to be restrained. Thus, the act which the trial court refused to restrain *pendente lite* has been consummated. Therefore, since a court cannot restrain the doing of an act which has been consummated, the question presented by this appeal, namely, whether the trial court erred in denying injunctive

relief *pendente lite,* has become academic. In accord with many authoritative decisions of this Court, we express no opinion as to the merits of the moot question thus presented by the appeal. *Topping v. Board of Education,* post, 719, and cases there cited.

In *Medlin v. Curran,* 243 N.C. 691, 692, 91 S.E. 2d 713, it is said: "Decisions of this Court uniformly hold that where pending an appeal to this Court from an order dissolving a temporary restraining order, the act sought to be restrained has been consummated, question as to whether defendants should have been restrained pending final hearing becomes academic, and the appeal will be dismissed."

In *Austin v. Dare County,* 240 N.C. 662, 663, 83 S.E. 2d 702, it is said: "It is quite obvious that a court cannot restrain the doing of that which has been already consummated."

For the reasons previously indicated, we express no opinion respecting the validity of the consolidation agreement as executed by the defendant pending the appeal. Unless and until this question is presented by proper pleadings to the lower trial court and is ruled upon by it in this or another action wherein all necessary parties are before the court, it is not given for this Court to express an opinion one way or the other.

Error and Remanded.