DAWSON CONSTRUCTION CO., INC. v. THE HYDE COUNTY BOARD OF EDUCATION (A BODY CORPORATE).

(Filed 22 March, 1961.)

1. Pleadings § 7—

   The answer should contain an admission or denial of the allegations of the complaint together with the statement of any new matter relied on as an affirmative defense and, in regard to any counterclaim, should allege with the same clearness and conciseness as a complaint the ultimate facts constituting the basis for the demand for affirmative relief.

2. Pleadings § 34—

   Where the answer contains allegations of evidentiary matter, conclusion and argument, an order striking much of the detail from the answer proper and all of the counterclaim, including material allegations, will not be disturbed on appeal when the order also allows defendant further pleading both as to the answer proper and the counterclaim.

Here for review by appeal and by *certiorari* is an order entered on plaintiff's motion by *Cowper, J.,* striking certain parts of defendant's answer and all of its counterclaim.

The defendant excepted to the order and appealed, but apparently fearful of 4a, Rules of Practice in the Supreme Court, applied for a writ of *certiorari,* which the Court allowed.

*George T. Davis, Fletcher & Lake, John A. Wilkinson, for defendant, appellant.*

*LaRoque and Allen, for plaintiff, appellee.*

HIGGINS, J. Now before us is a new facet of the Mattamuskeet School row. The plaintiff is here for the first, the defendant for the

fourth time. *Topping v. Board of Education,* 248 N.C. 719, 104 S.E. 2d 857; *Topping v. Board of Education,* 249 N.C. 291, 106 S.E. 2d 502; and *Board of Education v. Mann,* 250 N.C. 493, 109 S.E. 2d 175. May we hope the history of this Hyde County School dispute, as disclosed by these cases, is about written and that hereafter more attention may be given to education and less to litigation.

However, this chapter of the case is yet in the pleading stage. The plaintiff, in substance, alleges: (1) A contract (in writing) to construct "a building to be known as 'Mattamuskeet High School' . . . at a base price of $114,328," monthly payments to be made as the work progressed. (2) Partial performance of the contract. (3) Breach and refusal on the part of the defendant to pay as agreed. (4) Cancellation of the contract by the plaintiff because of defendant's failure to meet payments. (5) Loss and damage by reason of the breach in the sum of $39,495.20. (6) Demand for and refusal to make payment.

The defendant filed answer which consisted of more than nine closely typed pages of the record. Because of the mass of evidentiary detail, summary is difficult. However, the following seems to be the framework of the answer proper: (1) The defendant did not have power and authority to execute the alleged contract or to obligate the county to carry it out. (2) The defendant at all times had full knowledge of this lack of authority. (3) All payments under the alleged contract were unlawfully made to, and wrongfully received by the plaintiff. (4) In no event did the plaintiff render services worth more than $6,000, and is estopped to claim more.

In addition to the answer proper, the defendant set up a counterclaim to recover approximately $20,000 unlawfully received from the public school funds and wrongfully retained by the plaintiff.

Upon plaintiff's motion, the court entered an order striking much of the detail from the answer proper and all of the counterclaim. The order, however, provides for further pleading on the part of the defendant, both as to the answer and as to the counterclaim. The answer as filed does not conform to the rules of good pleadings. "The function of a complaint is not the narration of the evidence but the statement of the substantive and constituent facts upon which . . . claim to relief is founded . . . Hence, 'the facts constituting a cause of action' required by the statute are the material, essential, and ultimate facts which constitute the cause of action — but not the evidence to prove them . . . . When a good cause of action is thus stated, evidence of the facts alleged, including every material detail, fact, and circumstance tending to establish the ultimate and issuable facts, is admissible." *Guy v. Baer,* 234 N.C. 276, 67 S.E. 2d 47.

Ordinarily, denial of the allegations of the complaint is sufficient to entitle the defendant to offer evidence to controvert the allegations. However, "The answer must contain any new matter relied on by the defendant as constituting an affirmative defense. G.S. 1-135. Setting forth new matter as a defense is an affirmative pleading on the part of the defendant and the facts should be alleged with the same clearness and conciseness as in the complaint." (citing authorities) *Smith v. Smith,* 249 N.C. 669, 107 S.E. 2d 530. For full citation of authorities, see Strong's North Carolina Index, Vol. 3, Pleadings, Sections 2 and 7.

While the defendant's answer contains much evidentiary detail, conclusion and argument, which the court properly struck out, nevertheless throughout the stricken matter appear some allegations of ultimate facts which, if true, may be pertinent to the defendant's alleged defense. After critical examination of the order we conclude the learned trial judge, in his attempt to prune the dead limbs from the tree, actually snipped off some live ones from which the defendant hopes to gather fruit.

The Court will not undertake to rewrite the answer. In the redraft the defendant, in addition to denying the plaintiff's allegations, may allege ultimate facts involving any new matter relied on as a defense. The counterclaim as an affirmative pleading should follow the rules stated in *Smith v. Smith, supra,* and *Guy v. Baer, supra,* and allege basic facts (not evidence) upon which it relies to establish its right to recover from the plaintiff. Judge Cowper's order makes ample provision for the defendant thus to proceed. At this stage we deal with pleadings only. Merits are not involved.

The order of Judge Cowper is

Affirmed.