LARRY McBRIDE, by his Next Friend, J. R. McBRIDE v. NORTH CAROLINA STATE BOARD OF EDUCATION AND THE GUILFORD COUNTY BOARD OF EDUCATION.

(Filed 9 May 1962.)

**1. Administrative Law § 4;  State § 5f—**

Where the record fails to show any appeal from the order of the Industrial Commission in a proceeding under the State Tort Claims Act as permitted by G.S. 143-293, the Superior Court obtains no jurisdiction, and such defect cannot be supplied by a recital in the judgment of the Superior Court that the judgment was rendered upon an appeal in accordance with the statute.

**2. Appeal and Error § 1—**

Where the Superior Court has no jurisdiction, the Supreme Court can acquire none by appeal.

Appeal by plaintiff from *McConnell, S.J.,* January 15, 1962 Civil Term of Guilford, Greensboro Division.

Larry McBride, son of J. R. McBride and a student at Bessemer High School in Greensboro, seeks compensation as permitted by art. 31, c. 143 of the General Statutes for injuries alleged to have resulted from the negligence of Harold Manning Evans.

The claim is filed "against N. C. Board of Education; Guilford County Board of Education, Administrative Unit, for damages resulting from the negligence of Harold Manning Evans, a teacher in Bessemer High School." The claim is based on the asserted negligence "of State employee in Bessemer High School, Greensboro, N. C., on February 4, 1960."

The claim was heard by Deputy Commissioner Shuford. At the hearing Guilford County Board of Education demurred for want of jurisdiction in the Industrial Commission to hear and determine its liability. The deputy commissioner sustained the demurrer, pointing

out that the only instance in which the Industrial Commission could hear tort claims against county or city boards of education was for injuries resulting from the negligent operation of school buses as permitted by G.S. 143-300.1.

The hearing commissioner found: "On February 4, 1960, plaintiff was a fifteen-year old, ninth grade student, who attended a high school in Guilford County. On such day plaintiff took approximately one tablespoonful of sodium peroxide from an unlocked cabinet in the classroom of Harold M. Evans, a teacher at the school. . . . Harold M. Evans was not in the room at the time plaintiff took the chemical from the cabinet." The remaining findings establish these facts: Plaintiff intended to experiment with the chemical at his home. He knew it would burn when exposed to water. Plaintiff, at home, engaged in play, became sweaty, placed his hand in his pocket containing the chemical. It exploded. He sustained severe burns described in detail in the findings. Plaintiff incurred medical expenses of $1637 and sustained permanent and serious disfigurement.

The hearing commissioner, after finding facts, said: "While plaintiff apparently contends that Harold Manning Evans was an employee or agent of the defendant State Board of Education, there was no evidence presented at the hearing concerning whether or not the school teacher was an employee or agent of the State Board of Education, or of anyone else. No finding of fact is, therefore, made concerning the employment status of Harold Manning Evans, in that no evidence was adduced concerning such subject." To this statement plaintiff excepted.

Based on his findings the deputy commissioner concluded: "There has been no showing of any negligence upon the part of an employee or agent of the defendant North Carolina State Board of Education." Plaintiff excepted to this conclusion. Based on the conclusion the commissioner dismissed the claim.

On appeal from the hearing commissioner to the full Commission, it adopted as its own the findings of fact and conclusions of law of the hearing commissioner and affirmed his order of dismissal. The record does not show any exception taken by plaintiff to the findings or conclusions of the full Commission nor to the order of dismissal, nor does it show that an appeal was taken from the order of the Commission.

The only thing in the record even suggestive of an appeal from the Industrial Commission to the Superior Court is the recital in the judgment signed by Judge McConnell on 17 January 1962 that it was heard "upon an appeal from the Full North Carolina Industrial Commission, in accordance with the provisions of Section 143-291 et seq. of the General Statutes of North Carolina . . ." Judge McConnell af-

firmed the order of the full Commission. Plaintiff excepted to the judgment entered by Judge McConnell and appealed to this Court.

*Comer and Comer by Wm. E. Comer for plaintiff appellant.*
*Attorney General Bruton and Assistant Attorney General Moody and Harold D. Coley, Jr., of Staff for State Board of Education.*
*Douglas, Ravenel, Josey & Hardy by John W. Hardy for Guilford County Board of Education.*

PER CURIAM. Plaintiff conceded on oral argument here he could not maintain his claim against Guilford County Board of Education. This concession was properly made. Art. 31, c. 143, of the General Statutes has no application with respect to acts of employees of city or county administrative units. They may, by taking liability insurance, waive their governmental immunity and hence be held liable for the torts of their employees to the extent authorized by G.S. 115-53. Plaintiff makes no contention that he is entitled to recover under the provisions of that statute.

The record fails to show any exception to the findings, conclusions, and order of the Industrial Commission dismissing plaintiff's claim or an appeal taken as permitted by G.S. 143-293. Because of such failure the Superior Court was without jurisdiction to hear plaintiff's claim. *Aycock v. Richardson,* 247 N.C. 233, 100 S.E. 2d 379; *Mason v. Commissioners of Moore,* 229 N.C. 626, 51 S.E. 2d 6; *Higdon v. Light Co.,* 207 N.C. 39, 175 S.E. 710; *S. v. Johnson,* 109 N.C. 852. The recitals in Judge McConnell's judgment do not suffice to supply the record deficiencies.

Since the Superior Court was without jurisdiction, this Court did not acquire jurisdiction to hear plaintiff's claim by exception to and appeal from the judgment of that court. *Adams v. College,* 248 N.C. 674, 105 S.E. 2d 68; *Temple v. Temple,* 246 N.C. 334, 98 S.E. 2d 314.

Appeal dismissed.