STATE OF NORTH CAROLINA ex rel UTILITIES COMMISSION v. COUNCIL OF SOUTHERN GREYHOUND AMALGAMATED DIVISIONS.

(Filed 24 July, 1967.)

**Appeal and Error § 9—**

The Utilities Commission denied the motion of a labor union that the reorganized boards of directors of two bus terminals be required to recognize the rights of the union and its employees as set forth in an existent labor contract. Pending appeal, the contract between the union and the bus line expired, and a new contract was negotiated. *Held:* The expiration of the old contract rendered the question moot, requiring dismissal of the appeal.

APPEAL by Council of Southern Greyhound Amalgamated Divisions from *Gwyn, J.,* 22 August 1966 Session of FORSYTH.

On 2 October 1966, the North Carolina Utilities Commission, acting on its own motion based on complaints of motor bus carriers, initiated a sweeping investigation of forty union bus stations and of the twenty-two franchised motor passenger carriers operating into and using the facilities of those stations. The purpose of the investigation was to determine whether those stations were being operated in accordance with Commission rules, with particular attention to impartiality and lack of discrimination in the sale of tickets of the competing carriers to the public and proper quotation of their several schedules to the end that the traveling public would be enabled to obtain the bus service best suited to its wishes, and the several carriers would be fairly treated.

All motor bus carriers using these stations were made parties to the proceeding. All forty union station managers were also made parties. The Commission's staff conducted its independent investigation and participated in the hearings. The hearings consumed a total of twelve hearing days, requiring 2,065 pages of transcript. Some 135 witnesses testified, and 165 exhibits were received in evidence. The evidence is not in the record before us. From the evidence, the Commission concluded that in nine of the forty stations there was a failure to provide impartial service, there being preferential treatment by station personnel accorded the carrier controlling the station operation. Two of the stations were at Winston-Salem and Greensboro, which were managed and operated by Greyhound Lines, Inc. The Commission ordered that a board of directors composed of representatives of each carrier operating in such stations be established for their management. It prescribed certain regulations for the selection of the boards of directors and operating procedures, none of which related to the wages or working conditions of the em-

ployees or whether collective bargaining contracts should be entered into or existing collective bargaining contracts assumed.

No appeals were taken from that final order. At the date of its entry and at the time of the motion of appellant Union, almost three months later, there was in effect a collective bargaining agreement between Greyhound and the Union covering Greyhound's employees throughout much of the United States, and specifically including the employees at Winston-Salem and Greensboro. The original order of the Commission is dated 13 April 1965. On 7 July 1965, Council of Southern Greyhound Amalgamated Divisions made a motion before the Utilities Commission stating that it is the legally recognized collective bargaining representative of the employees of Southern Greyhound Lines, including the terminal employees of Southern Greyhound Lines at Winston-Salem and Greensboro, North Carolina, terminals; that the movant Council is a labor union and is a constituent part of Amalgamated Transit Union, AFL-CIO, and it requested that it be made a party to this proceeding and that the original order of the Commission be amended by a further order requiring the boards of directors at the Winston-Salem and Greensboro, North Carolina, terminals to recognize the rights of the Southern Council and the employees of the said terminals as set forth in the respective labor contracts; and that a temporary order be entered staying the operation of the said terminals at Winston-Salem and Greensboro by an independent board of directors until the Commission has heard and determined their motion.

The North Carolina Utilities Commission entered an order on 29 July 1965 denying the motion. The Council of Southern Greyhound Amalgamated Divisions appealed to the Superior Court, and Judge Gwyn entered a judgment on 8 September 1966 affirming the order of the Utilities Commission.

Council of Southern Greyhound Amalgamated Divisions filed a petition for a writ of *supersedeas* with the Chief Justice of this Court, who, on 31 October 1966, denied the petition. The labor contract between appellant Union and Greyhound, which is the subject of this appeal (and which is the subject of appellant's motion filed with the North Carolina Utilities Commission, out of the denial of which this appeal grew), is not printed in the record but was filed with this Court as Exhibit A attached to appellant's petition to this Court for a writ of *supersedeas*. As appears by the express provisions of the contract, it was for a term expiring 31 October 1966.

From Judge Gwyn's judgment, Council of Southern Greyhound Amalgamated Divisions appealed.

White, Crumpler, Powell & Pfefferkorn by Harrell Powell, Jr., and James G. White for appellant.

Edward B. Hipp for North Carolina Utilities Commission, appellee.

Newsom, Graham, Strayhorn & Hedrick by James L. Newsom for appellee Greyhound Lines, Inc.

Joyner & Howison by R. C. Howison, Jr., for appellee Queen City Coach Company.

Allen, Steed & Pullen by Arch T. Allen for appellee Carolina Coach Company.

PARKER, C.J.   On 13 March 1967, counsel for Queen City Coach Company and Carolina Coach Company filed a motion in this Court to dismiss the present appeal for the reason that the question presented for decision in this appeal has become moot. On 13 July 1967, Council of Southern Greyhound Amalgamated Divisions filed an answer to the motion to dismiss. Appellees allege in their motion that they are informed that the said bargaining agreement between Southern Greyhound Lines and appellant dated 1 November 1964 expired, or was terminated on or about 31 October 1966. The answer filed by appellant admits the truth of this allegation. The motion by appellees to dismiss sets forth the provisions of this agreement dated 1 November 1964 have, in fact, terminated with respect to the Winston-Salem and Greensboro union bus terminals and their respective employees, and different employment agreements have been substituted therefor. Appellant, in answer to that allegation, says, in part: "(I)t is admitted that Southern Council and Greyhound Corporation have negotiated another contract, which contract continues a bargaining agreement between Southern Council and Greyhound Corporation and continues certain vested rights herein set forth."

It is perfectly manifest from the allegations in the motion to dismiss and the admissions in the answer thereto that this appeal has become moot and no purpose would be served by a determination of the issues now academic which appellant seeks by this appeal to review. "It is not after the manner of appellate courts to decide moot or academic questions." Rice v. Rigsby, 259 N.C. 506, 131 S.E. 2d 469.

In Archer v. Cline, 246 N.C. 545, 98 S.E. 2d 889, plaintiff brought an action to enjoin defendants from conducting an election on the issuance of water and sanitary bonds. Pending appeal, the election was held and the official results were announced. The Court dismissed the appeal, declaring that the question involved "is now an academic or moot question, and the appeal will be dismissed."

In Walker v. Moss, 246 N.C. 196, 97 S.E. 2d 836, plaintiff brought

an action for a declaratory judgment to have his vote for one member of the county board of education counted in the tally for the votes for that office. Pending appeal, the General Assembly, pursuant to a public law enacted by it, appointed the members of the county board of education. The Supreme Court dismissed the appeal, declaring: "The appointment already having been made by the proper authority, the questions raised by plaintiff are now moot."

In *Topping v. Board of Education*, 248 N.C. 719, 104 S.E. 2d 857, plaintiff, a resident freeholder and taxpayer of Hyde County, instituted an action to restrain the Hyde County Board of Education, and others, from entering into a contract for the erection of a consolidated high school building, which was heard upon an order to appear and show cause why a temporary restraining order should not be issued. After hearing the evidence, Judge Paul denied plaintiff's motion for a temporary restraining order, and plaintiff appealed. During the argument before us, counsel for plaintiff and defendants admitted that pending the appeal the defendants had already entered into the contract, which the plaintiff had sought to enjoin. The Court said: "Since the contract has been made, a court cannot restrain the making of it. The question whether Judge Paul should have enjoined the making of the contract is now academic. Therefore, in accord with many decisions of this Court, the appeal will be dismissed." In support of its opinion, the Court cited many of our decisions.

According to the appellant's answer to the motion to dismiss its appeal, the bargaining agreement between Southern Greyhound Lines and appellant dated 1 November 1964 expired 31 October 1966, and appellant and Greyhound have negotiated another contract, which contract continues a bargaining agreement between appellant and Greyhound and continues certain vested rights therein set forth. It is ordered that the appeal be, and it is hereby, dismissed as moot.

Appeal dismissed.