NATIONAL SURETY CORPORATION, YORK MILLS, INC., AND ALL OTHER CREDITORS WHO DESIRE TO MAKE THEMSELVES PARTIES TO THIS ACTION, v. VAN B. SHARPE AND LOUISE R. SHARPE, CO-PARTNERS, TRADING AND DOING BUSINESS AS CARTHAGE WEAVING COMPANY.

(Filed 23 May, 1951.)

**1. Receivers § 11—**

Motion in the cause is the proper procedure to recall the order of sale or restrain sale by the receiver thereunder.

**2. Judges § 2a—**

A judge has no jurisdiction to hear a motion made without notice to the adversary in a cause pending in a county outside the district of his residence and outside the district he is riding.

**3. Appeal and Error § 31e—**

Where an act sought to be restrained has been done pending appeal, the question becomes moot and the appeal will be dismissed.

APPEAL by O. B. Taylor, creditor, from *Phillips, J.,* in Chambers in Rockingham, 9 April 1951, MOORE.

Proceeding in receivership.

On 24 February 1951, *Phillips, J.,* entered an order directing the receiver to sell the receivership property at public auction. The property was duly advertised for sale. On 30 March 1951, O. B. Taylor, a creditor, appeared before *Williams, J.,* at Sanford, N. C., and entered a motion in the cause, in affidavit form, that the receiver be restrained and enjoined from making said sale. *Williams, J.,* issued a temporary restraining order and notice to the receiver to appear before *Phillips, Resident J.,* 14 April, and show cause, if any he has, why the restraining order should not be continued to the final hearing.

The order having been duly served, the receiver, on 2 April, appeared before *Clement, J.,* and also *Phillips, J.,* and moved that said order be vacated for the causes set forth in his motion. Both judges set the hearing on said motion before *Phillips, J.,* in Chambers at Rockingham, 7 April. *Phillips, J.,* later continued the hearing until 9 April. On the day appointed, *Phillips, J.,* after hearing the evidence and argument of

counsel, entered an order dissolving the temporary restraining order. Taylor excepted and appealed.

*Seawell & Seawell for O. B. Taylor, appellant.*

*W. D. Sabiston, Jr., and Carroll & Steele for receiver appellee.*

BARNHILL, J.　As the property in controversy was in the possession of the receiver under order of court, a motion in the cause to recall the order of sale or to restrain the sale was the proper procedure. But the motion was made out of the county and out of the district without notice and before a judge who was neither the resident judge nor the judge riding the district. Said judge was without jurisdiction to hear a motion in a cause pending in Moore County. For this reason alone, if for no other, the restraining order was properly dissolved and vacated.

Furthermore, it is conceded here that pending this appeal the sale was had and the property was sold as ordered and advertised. The question the appellant now seeks to present is academic. *Saunders v. Bulla,* 232 N.C. 578, 61 S.E. 2d 607. The motion of the receiver to dismiss the appeal must be allowed.

Appeal dismissed.