IN THE MATTER OF THE FORECLOSURE OF THE DEED OF TRUST OF ORMSBY KING HACKLEY, III, GRANTOR, AS RECORDED IN BOOK 1932, AT PAGE 689 OF THE HENDERSON COUNTY PUBLIC REGISTRY. RAINTREE REALTY & CONSTRUCTION, INC., SUBSTITUTE TRUSTEE. SEE APPOINTMENT OF SUBSTITUTE TRUSTEE AS RECORDED IN BOOK 1390, AT PAGE 190 OF THE HENDERSON COUNTY REGISTRY

No. COA10-757

(Filed 21 June 2011)

**Appeal and Error— appealability—mootness**

Respondent's appeal from the trial court's authorization of a substitute trustee to proceed with a foreclosure sale of certain real property as permitted by the deed of trust was dismissed as moot. The foreclosure was complete and the real property had been duly conveyed to the highest bidder at the foreclosure sale, and the Court of Appeals was unable to consider respondent's claims that the completed sale was void in violation of a bankruptcy stay.

**IN RE FORECLOSURE OF HACKLEY**

[212 N.C. App. 596 (2011)]

Appeal by respondent from order entered on or about 14 December 2009 by Judge Laura J. Bridges in Superior Court, Henderson County. Heard in the Court of Appeals 30 November 2010.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Travis L. Smuckler and Larry C. Harris, Jr., for petitioner-appellees.*

*F.B. Jackson and Associated Law Firm, PLLC, by Angela S. Beeker, for respondent-appellant.*[1]

STROUD, Judge.

Ormsby King Hackley, III, ("respondent") appeals from a trial court's order authorizing Raintree Realty & Construction, Inc., as the substitute trustee, to proceed with a foreclosure sale of certain real property as permitted by the deed of trust. Because the foreclosure has been completed and the real property duly conveyed to the highest bidder at the foreclosure sale, and because we are unable to consider respondent's claims that the completed sale is void as in violation of a bankruptcy stay, this appeal is moot, so we dismiss respondent's appeal.

On 25 March 2009, United Bank and Trust Company ("the secured creditor"), filed a "Notice of Hearing in Foreclosure" with the Clerk of Superior Court, Henderson County ("the clerk"), requesting to proceed with a foreclosure and sale on a real estate security interest "described in a Deed of Trust dated, executed by [respondent], to Charles E. Jones, original Trustee for the benefit of United Bank and Trust Company, the original holder of the Note." The notice further stated that the deed of trust was given to secure a note made and executed by respondent in the amount of $200,000; respondent was in default on the note; the real estate security interest was described as a "1/4 undivided interest" in certain real property located in Henderson County and recorded in Deed Book 690 at Page 299 of the Henderson County Registry ("the subject real property"); Raintree Realty & Construction, Inc., was named as the substitute trustee; and a hearing was set on 21 April 2009 before the clerk. On 28 April 2009, the clerk continued the foreclosure hearing to 21 May 2009. On 29 May 2009, the secured creditor filed an "Amended Notice of Hearing in Foreclosure" changing the date of the hearing to 23 June 2009. Following two continuances, the hearing was held on 20 August 2009, and the clerk issued an order on 1 September 2009 denying the

---

1. In respondent's brief Angela Beeker's law firm is listed as Whitmore & Beeker. However, in respondent's reply brief Ms. Beeker's law firm is listed as F.B. Jackson and Associated Law Firm, PLLC.

petition for foreclosure and sale. On 9 September 2009, the secured creditor appealed from the clerk's order to Superior Court, Henderson County. On 19 December 2009, the Superior Court entered an "Order in Foreclosure[,]" permitting the trustee to proceed with the foreclosure sale. On 17 December 2009, the trustee filed a "Notice of Sale" of the subject real property. On 15 January 2010, respondent, filed a "Notice of Appeal" from the 19 December 2009 order permitting the trustee to proceed with the foreclosure sale. On 19 January 2010, respondent filed a "Notice of Bankruptcy" stating that "pursuant to 11 U.S.C § 362(a), the filing of said petition operates as an automatic stay of the initiation or continuation of any actions against [respondent], or its property in the above-styled action." On the same date, respondent filed a "Voluntary Petition" for Chapter 7 bankruptcy with the "United States Bankruptcy Court, North District of Georgia[.]" On 20 January 2010, the substitute trustee filed its first "Notice of Postponement of Sale" stating that the sale for the subject real property set for 20 January 2010 would be postponed until 9 February 2010. On 9 February 2010, the substitute trustee filed a second "Notice of Postponement of Sale" stating that the sale for the subject real property set for 9 February 2010 would be postponed until 19 April 2010.

On appeal, respondent contends that the trial court erred in authorizing the foreclosure sale as (1) the promissory note did not constitute a valid debt; (2) the judicial foreclosure action and deficiency judgment entered in the Kentucky Circuit Court on the same promissory note were *res judicata* and precluded a second foreclosure on the same note in North Carolina; (3) the subordination of a second mortgage to a third mortgage was not valid; and (4) "the proceeds of the sale of the collateral securing the first, second and third mortgages in Kentucky should have been applied to satisfy the second mortgage securing the note at issue." In addition to addressing respondent's arguments on appeal, the secured creditor also raises the additional argument that respondent's appeal is moot and should be dismissed.

Even though it is raised by the secured creditor, we first address the issue of mootness as this issue is dispositive and generally, an "appeal presenting a question which has become moot will be dismissed." *Matthews v. North Carolina Dep't of Transp.*, 35 N.C. App. 768, 770, 242 S.E.2d 653, 654 (1978) (citation omitted). The secured creditor argues that "because [the] debtor failed to post a bond to stay the foreclosure sale and the subject real property was foreclosed upon and sold to a third party, debtor's appeal should be denied based on the doctrine of mootness."

Our Supreme Court has stated that "[a] case is considered moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Lange v. Lange*, 357 N.C. 645, 647, 588 S.E.2d 877, 879 (2003) (citation and quotation marks omitted). When the questions originally at issue in a case are no longer at issue when the case is on appeal, the appeal is moot and should be dismissed. *N.C. Press Assoc., Inc. v. Spangler*, 87 N.C. App. 169, 171, 360 S.E.2d 138, 139 (1987). Specifically, the secured creditor argues that "the Debtor failed to post the bond required by N.C. Gen. Stat. § 1-292 to stay the execution of the judgment of the trial court, [and] the Secured Creditor proceeded by holding a valid foreclosure sale on April 19, 2010[;]" that this foreclosure sale "fixed" the rights of the parties as to the subject real property; and therefore, "rendered any appeal by the Debtor moot[.]" Respondent argues that when he filed for Chapter 7 Bankruptcy on 19 January 2010, "[p]ursuant to 11 U.S.C § 362, the filing of the bankruptcy imposed an automatic stay on the . . . foreclosure proceeding." Respondent further contends that the secured creditor did nothing "to acquire [] relief from [the bankruptcy] stay[,]" and the bankruptcy had not closed, been dismissed or discharged when the trustee sold the subject real property at foreclosure; therefore, the foreclosure sale was in violation of the bankruptcy stay. Respondent further argues that because the sale was in violation of the bankruptcy stay, the trustee's deed was invalid, as the secured creditor proceeded with a foreclosure sale in violation of N.C. Gen. Stat. § 45-21.22, and therefore, his appeal is not moot.

The secured creditor's mootness argument is based on the completed foreclosure sale of the subject real property. Respondent's counter-argument is based on the effect the 19 January 2010 bankruptcy filing had on the completed foreclosure sale. However, these substantive arguments raise issues which we cannot fully consider based on the record on appeal before us. In accord with North Carolina Rule of Appellate Procedure 28(c), the secured creditor raised the new issue of mootness in its brief, but did not include the required appendix in support of its new issue, pursuant to N.C.R. App. P. 28(d)(3). In response to the secured creditor's new issue, respondent filed a reply brief, pursuant to N.C.R. App. P. 28(h), including a supporting appendix. North Carolina Rule of Appellate Procedure 9(a) states that "[i]n appeals from the trial division of the General Court of Justice, review is solely upon the record on appeal, the verbatim transcript of proceedings, if one is designated, and any

other items filed pursuant to this Rule 9." Additionally, N.C.R. App. P. 9(a)(1)(j) states that

> [t]he record on appeal in civil actions . . . shall contain: . . . . copies of all other papers filed and statements of all other proceedings had in the trial court which are necessary to an understanding of all issues presented on appeal unless they appear in the verbatim transcript of proceedings which is being filed with the record pursuant to Rule 9(c)(2).

Here, the record on appeal contains the trial Court's 19 December 2009 "Order in Foreclosure[,]" which permitted the substitute trustee to proceed with the foreclosure sale; the 17 December 2009 "Notice of Sale[;]" respondent's 15 January 2010 "Notice of Appeal" from the 19 December 2009 order; the 19 January 2010 "Notice of Bankruptcy" stating that "pursuant to 11 U.S.C. § 362(a), the filing of said petition operates as an automatic stay of the initiation or continuation of any actions against [respondent], or its property in the above-styled action[;]" respondent's "Voluntary Petition" showing that he filed for Chapter 7 Bankruptcy on 19 January 2010; the trustee's first "Notice of Postponement of Sale" stating that the sale for the subject real property set for 20 January 2010 would be postponed to 9 February 2010; and a second "Notice of Postponement of Sale" stating that the sale for the subject real property set for 9 February 2010 would be postponed to 19 April 2010. We note that the record does not include any documentation showing how respondent's bankruptcy proceeded or if or when the subject real property in question was ever actually sold in foreclosure. N.C.R. App. P. 11(c) permits an appellee to amend or submit a supplement to the printed record on appeal. The secured creditor did not make any amendment to or supplement the record on appeal to include this information.

Respondent's mootness argument in its reply brief makes reference to several documents contained in the appendix of the reply brief, which include an affidavit from respondent; an affidavit from A. Keith Logue, respondent's bankruptcy attorney, explaining the progress of respondent's bankruptcy proceedings; correspondence from Mr. Logue to the secured creditor's attorney explaining his understanding as to how the foreclosure would be affected by the bankruptcy filing; a responding email from the secured creditor's attorney regarding his understanding of how the bankruptcy would affect the foreclosure; a

summary from the "Pacer Service Center"[2] of the progress of respondent's bankruptcy case as of 10 June 2010; an affidavit from the secured creditor's attorney Larry C. Harry, Jr., summarizing the foreclosure and stating that the subject real property was sold on 19 April 2010; a "Final Report and Account of Foreclosure Sale" filed 10 June 2010 by the trustee showing how the proceeds from the sale were distributed and the deficiency remaining; and a "Trustee's Deed" filed 10 June 2010, showing that the trustee conveyed the property to the highest bidders from the 19 April 2010 sale.[3] As these documents were not provided as supplements to the printed record on appeal and, as our "review is solely upon the record on appeal[,]" N.C.R. App. P. 9(a), we cannot consider most of this information in the manner it was provided.

Yet this Court can take judicial notice of certain documents even though they were not included in the record on appeal. The only document that we are able to take judicial notice of in the appendix to respondent's reply brief is the recorded "Trustee's Deed" which was done as a result of the foreclosure sale in this same case and as directed by the foreclosure order. N.C. Gen. Stat. § 8C-1, Rule 201(b) (2009) states that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot

---

2. "Public Access to Court Electronic Records (PACER) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district and bankruptcy courts, and the PACER Case Locator via the Internet." PACER, Public Access to Court Electronic Records, http://www.pacer.gov/ (last visited May 31, 2011).

3. These documents were also included as an appendix to respondent brief's in response to the secured creditor's 2 July 2010 "Motion for Dismissal of Appeal[,]" based on respondent's "failure to timely file the settled record on appeal as required by Rule 12(a) of the North Carolina Rules of Appellate Procedure." The secured creditor's motion to dismiss was denied by this Court on 22 July 2010. On 30 July 2010, the secured creditor filed a motion to reconsider his 2 July 2010 motion to dismiss arguing again that (1) respondent had not settled the record as required by N.C.R. App. P. 12 and (2) that respondent's appeal was moot as the foreclosure sale had already taken place. Respondent responded to this motion but did not include any supporting documents. This Court denied the secured creditor's motion to reconsider its motion to dismiss on 11 August 2010. We address the secured creditor's argument as to mootness on appeal, as this Court is permitted to address an issue of mootness at any time. See Messer v. Town of Chapel Hill, 346 N.C. 259, 260, 485 S.E.2d 269, 270 (1997) (stating that "whenever during the course of litigation it develops that . . . the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain an action merely to determine abstract propositions of law. If the issues before the court become moot at any time during the course of the proceedings, the usual response is to dismiss the action." (citation, brackets, and quotation marks omitted)).

reasonably be questioned." N.C. Gen. Stat. § 8C-1, Rule 201(d) further states that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." Here, the fact that the foreclosure sale did occur and the property was conveyed by the trustee is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," *see* N.C. Gen. Stat. § 8C-1, Rule 201(b), specifically the Trustee's Deed. The accuracy of the emails, letters, and affidavits included in the appendix is subject to question; in fact, the parties themselves express these questions in their very correspondence. The Trustee's Deed provides evidence of the completed foreclosure sale of the subject real property on 19 April 2010. *See Rodriguez v. Rodriguez,* —— N.C. App. ——, ——, —— S.E.2d ——, ——, 2011 N.C. App. LEXIS 736, *5-6 (N.C. Ct. App., April 19, 2011) ("The record on appeal before our Court did not include any orders from the juvenile court subsequent to the 5 May 2008 adjudication order. Under these circumstances, it is appropriate for this Court to take judicial notice of the 4 August 2008 juvenile review order which was entered in the juvenile case. *See In re Stratton,* 159 N.C. App. 461, 462, 583 S.E.2d 323, 324 (referring to an order terminating the parental rights of the appellant by stating, '[t]his Court is entitled to take judicial notice of this recent order'), *disc. review denied and appeal dismissed,* 357 N.C. 506, 588 S.E.2d 472 (2003).").

Respondent does not dispute that the sale was completed and that the property was conveyed to the highest bidder from the sale, but instead asks us to make a ruling that the completed foreclosure sale was in violation of the bankruptcy stay. 11 U.S.C. § 362(a) (2009) states, in pertinent part, that the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of[:]"

(2)  the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3)  any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4)  any act to. create, perfect, or enforce any lien against property of the estate[.]

Here, as noted above, the record on appeal contains respondent's 19 January 2010 bankruptcy petition and notice from respondent that he had filed for bankruptcy. Therefore, the filing of the petition by

**IN RE FORECLOSURE OF HACKLEY**

[212 N.C. App. 596 (2011)]

respondent could operate as a stay on the foreclosure proceeding. *See id.* However, 11 U.S.C. § 362(c) further states that a bankruptcy stay will remain in place "until such property is no longer property of the estate;" the case is closed or dismissed; or a "discharge is granted or denied." 11 U.S.C. § 362(d) further states that "a party in interest" can make a request for a "grant [of] relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay[.]" As stated above, we cannot consider the documents addressing the progression of respondent's bankruptcy case, as respondent did not provide them as a supplement to the printed record on appeal.[4] Therefore, even though the record shows that respondent did file for bankruptcy, that fact alone does not permit us to draw the same conclusion as the respondent: that the trustee sold the subject real property *in violation* of the bankruptcy stay. As 11 U.S.C. § 362 notes, the stay could have been lifted by the bankruptcy court prior to the sale of the subject real property on 19 April 2010 by dismissing respondent's bankruptcy petition; the court could have declared that the subject real property in question was no longer "property of the [bankruptcy] estate[;]" or the court could have closed respondent's bankruptcy case or granted a discharge. *See* U.S.C. § 362(c). Additionally, the secured creditor, as a "party of interest[,]" could have requested and been granted a relief from the stay, prior to the foreclosure sale of the subject real property on 19 April 2010. *See* U.S.C. § 362(d). Without full documentation of the bankruptcy proceeding, we cannot properly make a determination regarding the status of the bankruptcy stay at the time of the sale. *See CRLP Durham, LP v. Durham City/County Bd. of Adjustment,* —— N.C. App. ——, ——, 706 S.E.2d 317, 322 (2011) (" 'Appellate review is based solely upon the record on appeal,' N.C.R. App. P. 9(a); it is the duty of the appellants to see that the record is complete." (citations and quotation marks omitted)). We believe it would be particularly inappropriate and unwise for us to presume to make any ruling upon the issue of a violation of the bankruptcy stay, which would more properly be considered by the bankruptcy court and could possibly

---

4. We also note that the PACER summary provides only brief descriptions of documents and orders filed in the bankruptcy court and the documents themselves were not provided, so even if we were able to consider the PACER printout in the appendix to respondent's brief, we still would be unable to determine exactly what determinations the bankruptcy court made regarding the stay or the foreclosure sale. Although we could potentially examine all of the orders entered in the bankruptcy case ourselves and possibly take judicial notice of any relevant orders, it would be improper for this Court to go to such lengths to assist either party, as the content of the record on appeal is the responsibility of the parties.

impair the rights of the innocent third party who purchased the property at the foreclosure sale, where the record before us provides such limited information. Accordingly, we cannot consider respondent's arguments as to how the bankruptcy stay proceedings affected the foreclosure of the subject real property.

We are thus left with a completed foreclosure sale. The limited record before us shows that there was an order of foreclosure and we are able to take judicial notice that the sale was completed based on the recorded Trustee's Deed. N.C. Gen. Stat. § 1-292 (2009) states that

> [i]f the judgment appealed from directs the sale or delivery of possession of real property, the execution is not stayed, unless a bond is executed on the part of the appellant, with one or more sureties, to the effect that, during his possession of such property, he will not commit, or suffer to be committed, any waste thereon, and that if the judgment is affirmed he will pay the value of the use and occupation of the property, from the time of the appeal until the delivery of possession thereof pursuant to the judgment, not exceeding a sum to be fixed by a judge of the court by which judgment was rendered and which must be specified in the undertaking. When the judgment is for the sale of mortgaged premises, and the payment of a deficiency arising upon the sale, the undertaking must also provide for the payment of this deficiency.

N.C. Gen. Stat. § 45-21.29A (2009) states in pertinent part that "[i]f an upset bid is not filed following a sale, resale, or prior upset bid within the period specified in this Article, the rights of the parties to the sale or resale become fixed." (emphasis added). N.C. Gen. Stat. § 45-21.34 (2009) provides, in pertinent part, that:

> Any owner of real estate . . . may apply to a judge of the superior court, prior to the time that the rights of the parties to the sale or resale becoming *fixed* pursuant to [N.C. Gen. Stat. § 45-21.29A] to enjoin such sale, upon the ground that the amount bid or price offered therefor is inadequate and inequitable and will result in irreparable damage to the owner or other interested person, or upon any other legal or equitable ground which the court may deem sufficient.

(emphasis added). In *Goad v. Chase Home Fin., LLC*, —— N.C. App. ——, ——, 704 S.E.2d 1, 4 (2010), this Court summarized the relevant law in determining "when the rights of a party to a foreclosure sale have become 'fixed'[:]"

A review of the relevant statutory procedures governing the conduct of foreclosure proceedings indicates that determining the point at which the rights of the parties have become fixed depends, in the ordinary course of events, upon the date by which an upset bid must be filed. According to N.C. Gen. Stat. § 45-21.27(a), an upset bid must be filed with the "clerk of superior court, with whom the report of sale or last notice of upset bid was filed by the close of normal business hours on the tenth day after the filing of the report of the sale or the last notice of upset bid." "If an upset bid is not filed [in compliance with N.C. Gen. Stat. § 45-21.27], the rights of the parties to the sale or resale become fixed." N.C. Gen. Stat. § 45-21.29A. As a result, in the absence of a properly filed upset bid, the rights of the parties to a foreclosure sale become fixed ten days after the filing of the report of the sale. *Id.* However, even if no upset bid is submitted, the rights of the parties to a foreclosure sale will not become fixed in the event that a temporary restraining order or preliminary injunction is properly obtained prior to the expiration of the ten-day period for filing upset bids. *Morroni*, 2004 N.C. App. LEXIS 997, at *6-7. As a result, the rights of the parties to a foreclosure sale become fixed upon either the expiration of the period for filing an upset bid, the provision of injunctive relief precluding the consummation of the foreclosure sale, or the occurrence of some similar event.

Here, the subject real property was sold and the Trustee's Deed was recorded. There is no indication in the record that respondent paid a bond to stay the foreclosure sale, *see* N.C. Gen. Stat. § 1-292; nor was there an upset bid during the 10 day period, *see* N.C. Gen. Stat. § 45-21.29A, or any indication in the record that respondent obtained a temporary restraining order or preliminary injunction prior to the end of the ten-day upset bid period. *See Goad*, —— N.C. App. at ——, 704 S.E.2d at 4. Therefore, respondent's and the secured creditor's rights in the subject real property are fixed and respondent's appeal is moot. *See Austin v. Dare County*, 240 N.C. 662, 663, 83 S.E.2d 702, 702-03 (1954) (dismissing the plaintiff's appeal from the trial court's denial of its application for a temporary restraining order to stop the sale and conveyance of a certain piece of real property, and noting that the County had already sold and conveyed the land in question and the restraint of the County's sale of the property "is now an academic question" as "[i]t is quite obvious that a court cannot restrain the doing of that which has been already consummated."); *National Surety Corp. v. Sharpe*, 233 N.C. 644, 645, 65 S.E.2d 137, 138 (1951) (dismissing the plaintiff's appeal, and noting that it was "con-

ceded here that pending this appeal the sale was had and the property was sold as ordered and advertised. The question the appellant now seeks to present is academic."). Accordingly, we dismiss respondent's appeal.

DISMISSED.

Judges BRYANT and BEASLEY concur.