An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-684

NORTH CAROLINA COURT OF APPEALS

Filed:  31 December 2014

JACOB L. WITCHER,
    Plaintiff,

    v.                                     Guilford County
                                           No. 13-CVS-1470
ALISHA PARSONS,
WR STARKEY MORTGAGE, L.L.P.,
CITY OF HIGH POINT, NORTH
CAROLINA,
    Defendants/Third-Party
    Plaintiffs,

    v.

MICHAEL LEE GOODSON and wife,
TERESA GOODSON,
    Third-Party Defendants.


Appeal by plaintiff from order entered 28 February 2014 by Judge Vance Bradford Long in Guilford County Superior Court. Heard in the Court of Appeals 23 October 2014.


    *Craige Brawley Liipfert & Walker LLP, by William W. Walker, for plaintiff-appellant.*

    *Jones, Childers, McLurkin & Donaldson, PLLC, by Dennis W. Dorsey, Mark L. Childers and Elise B. McLurkin Horton, for defendants/third party plaintiffs-appellees.*

    *Roberson Haworth & Reese, P.L.L.C., by Alan B. Powell, Christopher C. Finan and Andrew D. Irby, for third-party defendants-appellees.*

BELL, Judge.

Jacob L. Witcher ("Plaintiff") appeals from the trial court's order dismissing his complaint to quiet title against Alisha Parsons, WR Starkey Mortgage, LLP, and the City of High Point, North Carolina (collectively, "Defendants") pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. After careful review, we vacate the trial court's order and remand for entry of an order consistent with this opinion.

## Factual Background

Plaintiff's grandfather, S.L. Witcher ("S.L."), died on 15 May 1999. S.L.'s will devised his real property in three equal shares to his children: Joel L. Witcher ("Joel"), David R. Witcher ("David"), and Alyson W. Frazier ("Alyson"). Accordingly, Joel, David, and Alyson each became the owner of an undivided one-third interest in S.L.'s former house located at 2715 Triangle Lake Road in High Point, North Carolina ("the house").

On 14 May 2000, Joel passed away. Joel was not married at the time of his death and Plaintiff, who was six years old at the time, was his only child. Prior to his death, Joel executed a will that devised all of his real and personal property to

Plaintiff, including his one-third interest in the house. The will also appointed Alyson as executrix of Joel's estate. The will further provided that if Plaintiff had not reached the age of 18 at the time of Joel's death, his share of Joel's estate was to be transferred to and held in a trust created for Plaintiff's benefit. Alyson was named as trustee and was directed to hold the property in trust until Plaintiff reached 18 years of age and use funds from the trust for Plaintiff's "support, maintenance, education and general welfare" in her discretion. Joel's will also granted Alyson, as trustee, "the right, with respect to all property . . . to sell . . . without court order." Although Alyson filed Joel's will with the Clerk of Superior Court of Guilford County, North Carolina, the will was never formally admitted to probate.

On 29 March 2001, Alyson and David executed a general warranty deed conveying the house to Bennie and Dinah Williams ("the Williamses"). Alyson and David signed the deed as grantors, individually, and Alyson signed the deed as executor of Joel's estate.

On 25 November 2008, Wells Fargo Financial ("Wells Fargo") purchased the house at a foreclosure sale after the Williamses defaulted on their mortgage. On 16 January 2009, Wells Fargo

sold the house to Michael Goodson. On 31 July 2009, Michael Goodson and his wife, Teresa Goodson, ("Third-Party Defendants") sold the house to Alisha Parsons ("Defendant"). Alisha Parsons gave deeds of trust to WR Starkey Mortgage, LLP and the City of High Point, North Carolina ("Defendants[1]") as part of this conveyance.

On 13 November 2012, Plaintiff filed a complaint against Alyson in Forsyth County Superior Court ("the Forsyth County action"), asserting claims for: (1) an accounting of all transactions conducted as Plaintiff's fiduciary; (2) breach of fiduciary duty; (3) constructive fraud; (4) fraud; (5) conversion; and (6) imposition of a constructive trust. Plaintiff's complaint alleged that after the house was originally sold on 29 March 2001, Alyson "received a share of the proceeds from the sale of the House which belonged to Plaintiff" and that she "failed to distribute any assets from [Plaintiff's] Trust for Plaintiff's use or benefit prior to Plaintiff reaching eighteen years of age on 17 June 2011."

On 29 August 2013, Plaintiff filed a Complaint to Quiet Title in Guilford County Superior Court. Plaintiff also sought

[1] Throughout the remainder of the opinion, "Defendants" refers collectively to Alisha Parsons, WR Starkey Mortgage, LLP, and the City of High Point, North Carolina.

a declaratory judgment that Defendants "have no right, title, or interest adverse to Plaintiff's one-third interest in the House." In his Complaint to Quiet Title, Plaintiff alleged that Alyson was not executor of Joel's estate because his will was never admitted to probate. Plaintiff further alleged that he retained a one-third interest in the house because, pursuant to N.C. Gen. Stat. § 28A-15-2(b), Joel's one-third interest in the house had passed to Plaintiff upon Joel's death and was therefore no longer an asset of Joel's estate when the house was conveyed on 29 March 2001. As a result, according to Plaintiff, the attempted conveyance of Joel's one-third interest in the house was ineffective.

On 12 November 2013, Plaintiff moved for summary judgment in the Forsyth County action, alleging that there was no genuine issue as to any material fact because the documents of record showed that: (1) Joel left all of his estate to Plaintiff in trust, with Alyson as trustee; (2) Alyson received funds as trustee, including $20,000 from the sale of Joel's one-third interest in the house; (3) Alyson deposited the funds into her personal bank account; and (4) Alyson never used any of the funds for Plaintiff's benefit.

On 16 January 2014 and 24 January 2014, respectively, Defendants and Third-Party Defendants each filed a motion to dismiss Plaintiff's Complaint to Quiet Title pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief may be granted. In their motions to dismiss, Defendants and Third-Party Defendants alleged that Plaintiff was judicially estopped from denying the validity of the conveyance of the house in his Complaint to Quiet Title because he had already acknowledged the validity of the conveyance in the Forsyth County action against Alyson.

Defendants' and Third-Party Defendants' motions to dismiss came on for hearing on 3 February 2014, and the trial court entered an order dismissing Plaintiff's complaint on 28 February 2014. Plaintiff filed a timely notice of appeal to this Court.

On 16 April 2014, while this appeal was pending, the trial court granted partial summary judgment for Plaintiff in the Forsyth County action. In particular, the trial court granted summary judgment against Alyson on the following claims: (1) breach of fiduciary duty; (2) constructive fraud; (3) conversion; and (4) imposition of a constructive trust. The trial court subsequently entered a consent judgment on 28 April 2014 that awarded Plaintiff a $20,000 judgment against Alyson

and deemed Plaintiff's claims in the Forsyth County action fully adjudicated.

On 23 September 2014, Third-Party Defendants filed a motion to dismiss Plaintiff's appeal. On 24 September 2014, Defendants joined with Third-Party Defendants in their motion to dismiss Plaintiff's appeal.

## Analysis

As an initial matter, we must address Third-Party Defendants' and Defendants' motion to dismiss the present appeal. These parties move to dismiss Plaintiff's appeal on the basis that the trial court entered a final judgment in the Forsyth County action on 16 April 2014, rendering the present action moot. The parties also request that we take judicial notice of the final judgment entered in the Forsyth County action as a predicate to the relief sought in their motion to dismiss the present appeal.

Although the final judgment in the Forsyth County action was not part of the record on appeal, it was included in the appendix of Plaintiff's brief. We have held that "this Court can take judicial notice of certain documents even though they were not included in the record on appeal." *In re Hackley*, 212 N.C. App. 596, 601, 713 S.E.2d 119, 123 (2011).

Rule 201 of the North Carolina Rules of Evidence provides that "[a] court shall take judicial notice if requested by a party and supplied with the necessary information." N.C.R. Evid. 201(d). Rule 201(b) further provides that "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." N.C.R. Evid. 201(b). The final judgment in the Forsyth County action falls under this second category of facts not subject to reasonable dispute. Thus, we elect to take judicial notice of the final judgment in the Forsyth County action.

While we elect to take judicial notice of the final judgment entered in the Forsyth County action, we disagree that it renders Plaintiff's appeal moot and, therefore, address Plaintiff's arguments on the merits. In their motions to dismiss, Defendants and Third-Party Defendants asserted that Plaintiff's claim to quiet title was barred by the doctrine of judicial estoppel. In support of their motions, Defendants and Third-Party Defendants asked the trial court to take judicial notice of the pleadings in the Forsyth County action. In its

order dismissing Plaintiff's quiet title action, the trial court concluded that it was permitted to take judicial notice of the contents of the pending Forsyth County action and "that such consideration [did] not convert either the Defendants' Motion to Dismiss or the Third-Party Defendants' Motion to Dismiss to a Summary Judgment Motion."

Plaintiff argues that the trial court acted prematurely or, in the alternative, was required to make findings of fact to support its application of the doctrine of judicial estoppel when it dismissed Plaintiff's complaint. A careful review of the record and those documents of which we have taken judicial notice leads us to agree with Plaintiff's assertion that, assuming without deciding that the trial court was permitted to take judicial notice of the pleadings in the Forsyth County action without converting the motions to dismiss to motions for summary judgment, based on the pleadings before it, the trial court acted prematurely in granting Defendants' and Third-Party Defendants' motions to dismiss pursuant to Rule 12(b)(6).

> When a party files a motion to dismiss pursuant to Rule 12(b)(6), the question for the court is whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. A complaint may be dismissed pursuant to Rule 12(b)(6) where

(1) the complaint on its face reveals that no law supports a plaintiff's claim, (2) the complaint on its face reveals the absence of facts sufficient to make a good claim, or (3) the complaint discloses some fact that necessarily defeats a plaintiff's claim. An appellate court reviews *de novo* a trial court's dismissal of an action under Rule 12(b)(6).

*Horne v. Cumberland Cty. Hosp. Sys. Inc.*, __ N.C. App. __, __, 746 S.E.2d 13, 16 (2013) (internal citations and quotation marks omitted). In ruling on a motion to dismiss, "the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citation omitted).

Although Plaintiff makes inconsistent factual assertions in his two complaints, at the time the trial court entered its order dismissing Plaintiff's quiet title action, none of the assertions in either of Plaintiff's complaints had been established as true. "[E]stoppel is a bar which precludes a person from denying or asserting anything to the contrary of that which has, in contemplation of law, *been established as the truth*." 28 Am.Jur.2d *Estoppel and Waiver* § 1(2000)(emphasis added). Given that none of Plaintiff's inconsistent assertions

had been established as the truth at the time the trial court ruled on Defendants' motions to dismiss, his quiet title action was not barred by judicial estoppel at that time. "[J]udicial estoppel . . . should not be applied to prevent the assertion of inconsistent legal theories." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 32 591 S.E.2d 870, 890 (2004). "[S]uch a limitation is necessary to avoid interference with our liberal pleading rules, which permit a litigant to assert inconsistent, even contradictory, legal positions within a lawsuit." *Id*. (citations omitted). Therefore, we conclude that the trial court erred by dismissing Plaintiff's quiet title action pursuant to Rule 12(b)(6).

However, in light of the final disposition entered in the Forsyth County action during the pendency of this appeal, we conclude that Plaintiff is now estopped from pursuing the case before us in the trial court. Where a party assumes a certain position in a legal proceeding, and *succeeds in maintaining that position*, he may not thereafter, simply because his interests have changed, assume a contrary position . . . ." *Whitacre*, 358 N.C at 22, 591 S.E.2d at 884 (emphasis added)(citations and quotation marks omitted). Judicial estoppel, which prevents a party from making inconsistent factual assertions, seeks to

protect the integrity of judicial proceedings by "prevent[ing] a party from acting in a way that is inconsistent with its earlier position before the court."  *Powell v. City of Newton*, 364 N.C. 562, 569, 703 S.E.2d 723, 728 (2010) (citation omitted).

Although "the circumstances under which judicial estoppel may appropriately be invoked are probably not reducible to any general formulation of principle," our Supreme Court has enumerated three factors that may serve as guideposts for applying the doctrine. *Whitacre*, 358 N.C. at 28, 591 S.E.2d at 888 (citation and quotation marks omitted).

> First, a party's subsequent position must be clearly inconsistent with its earlier position.  Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding might pose a threat to judicial integrity by leading to inconsistent court determinations or the perception that either the first or the second court was misled.  Third, courts consider whether the party seeking to assert an inconsistent position would derive an unfair advantage . . . if not estopped.

*Id.* at 29, 591 S.E.2d at 888-89 (citations and internal quotation marks omitted).

In his motion for summary judgment in the Forsyth County action, Plaintiff assumed the position that the sale of the

house was valid. Plaintiff alleged, in pertinent part, as follows:

> 3. Defendant received funds as trustee for Plaintiff
>
>> a. $20,000 from the sale of Joel's interest in real property in Guilford County, North Carolina[.]
>
> . . . .
>
> 8. Defendant was a fiduciary to Plaintiff, as she acted as trustee of funds for Plaintiff.
>
> 9. Defendant's transfer to herself of the trust funds raises a presumption that Defendant breached her fiduciary duty to Plaintiff, and Defendant has presented no evidence to rebut the presumption and raise a disputed issue of material fact.

In the final judgment entered in the Forsyth County action, which was entered during the pendency of Plaintiff's appeal in the subject action, the trial court concluded that Plaintiff was entitled to partial summary judgment and monetary damages for, among other things, Alyson's breach of fiduciary duty. As such, Plaintiff succeeded before the trial court on his position that the sale of the house was valid, as the trial court's order of summary judgment necessarily required a determination by the trial court that a valid sale of the house had occurred. In the present action, Plaintiff seeks a declaration that the sale of the house was invalid — a position that is inconsistent with the

factual allegations Plaintiff relied on in the Forsyth County action, in which he ultimately succeeded.

Having established before the trial court that a valid sale occurred, Plaintiff cannot now seek to have this Court determine that he maintains a one-third interest in the house because the sale was invalid. Not only would this pose a threat to judicial integrity, but it would also permit Plaintiff to derive an unfair advantage, as he has already recovered his interest in the house from the final judgment in the Forsyth County action against Alyson.

Plaintiff argues that because he has been unable to recover anything on this judgment, he should be entitled to use another legal theory to be made whole. However, a party's current inability to pay a judgment does not justify permitting the other party to obtain judgments on two legally contradictory claims. It is still possible that Alyson may be able to pay the judgment in the future, and even if she cannot, judicial integrity prevents us from upholding two judgments based on contradictory facts and legal claims. If Plaintiff were concerned about Alyson's ability to pay a judgment, he had the option to pursue his quiet title action before seeking a judgment against Alyson. Thus, we conclude that Plaintiff is

now judicially estopped from alleging that the sale of the house was invalid.

## Conclusion

For the reasons stated above, we vacate trial court's order dismissing Plaintiff's appeal and remand for entry of order consistent with this opinion.

VACATED AND REMANDED.

Judges GEER and STROUD concur.

Report per Rule 30(e).