IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-582

 No. COA 20-802

 Filed 2 November 2021

 Mecklenburg County, No. 20-CVS-2194

 DAVID BAYNE ALEXANDER, et al., Petitioners,

 v.

 DIANE K. BECKER and THOMAS H. BECKER, Co-Trustees of the Diane K. Becker
 Revocable Living Trust dated December 19, 2008, et al., Respondents.

 Appeal by Petitioners from judgment entered 25 August 2020 by Judge George

 Bell in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 June

 2021.

 Alexander Ricks, PLLC, by Roy H. Michaux, Jr. and Ryan P. Hoffman, for
 Petitioners-Appellants.

 The Mcintosh Law Firm, P.C., by Christopher P. Gelwicks, for the Respondents-
 Appellees.

 DILLON, Judge.

¶1 This matter involves a dispute among unit owners within a certain residential

 condominium development located in Mecklenburg County. The dispute concerns

 whether it is the unit owner’s association or the unit owners respectively who bear

 the responsibility to maintain and insure the outer walls, roofs, etc. Essentially,

 certain owners of the small units contend that the responsibility falls to each unit
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

 owner, while certain owners of the larger units contend that these structures are

 common elements and that the association bears the responsibility to maintain them.

 I. Background

¶2 The Courtyard of Huntersville (the “Community”) is composed of fifty-one (51)

 residential units. Unlike many other condominium developments, each unit in the

 Community is located in its own free-standing, single-family dwelling structure. In

 other words, the Community outwardly resembles a single-family, residential

 subdivision made up of separately owned, single-family homes. However, the

 Community is, legally, a condominium,1 established under a Declaration of

 Condominium (the “Declaration”), which heavily mirrors the North Carolina

 Condominium Act (the “Condominium Act”). Therefore, the occupant of a single-

 family structure within the Community does not actually own the outer walls of

 his/her structure, but rather only the air and walls within the outer walls.

¶3 The individual owners belong to a unit owners’ association (the “Association”),

 as contemplated in the Declaration.

 II. The Dispute

 1 The term “condominium” is often understood colloquially to refer to a particular unit.

 However, the term legally refers to the condominium development as a whole. See N.C. Gen.
 Stat. § 47C-1-103(7) (2020). Accordingly, “condominium” as used in this opinion refers to a
 development as a whole. “Unit” or “condominium unit” refers to an individual unit within a
 condominium development.
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

¶4 This dispute concerns whether it is the Association’s responsibility to maintain

 and insure the roofs, outer walls (including siding), and gutters outside the outer wall

 of each single-family structure, or whether the responsibility lies with each unit

 owner to maintain these outer structures serving the unit (s)he lives in.

¶5 The answer is meaningful economically to the unit owners as the structures

 are of different sizes. Some unit owners live in structures that are twice as big as the

 structures other unit owners live in. Petitioners are owners of some of the smaller

 units. They contend that it is the responsibility of each unit owner to maintain the

 building which houses his/her unit. The Association Board and other unit owners,

 though, take the position that it is the Association which is responsible for

 maintaining the structures such that the costs would be borne more equally among

 the unit owners.

¶6 In any event, the answer depends, at least in part, on how these real estate

 components (the roofs, outer walls, and gutters) are classified in the Declaration and

 the Condominium Act.

¶7 Specifically, under the Declaration, each property component within the

 Community is classified as either Unit Property or a Common Element.

¶8 “Unit Property” consists (with some exceptions) of the real estate within the

 outer walls of each unit, such as the interior walls or fixtures within a unit. A

 declaration may designate certain real property serving a single unit, but located
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

 outside the interior walls, as “unit property.” For example, in the Declaration, a pipe

 leading to and serving a single unit is classified as unit property. Pursuant to the

 Declaration, it is generally the responsibility of each unit owner to repair/maintain

 the unit property designed to serve only his/her unit. For instance, each unit owner

 pays for the repainting of the interior walls in his/her unit. The Declaration, though,

 does provide that the Association bears the responsibility to insure such unit property

 against certain perils, such as fire. Therefore, if a building is struck by lightning and

 burns down, the Association insurance covers the reconstruction, not only of the outer

 shell of each building, but also the interior walls and most fixtures.

¶9 A “Common Element” is defined by the Declaration as any real property that

 is not unit property. This is consistent with the definition under the Condominium

 Act, which defines common elements as “all portions of the condominium other than

 the units.” N.C. Gen. Stat. § 47C-1-103(4).

¶ 10 There is a subset of the common elements defined in the Declaration and the

 Condominium Act as “Limited Common Elements.” Essentially, a common element

 designed for “the exclusive use of one or more but fewer than all of the units” is a

 “limited common element.” For instance, the roof over a building that contains one

 or a few units within a development is a limited common element. However, if a

 common element is designed to serve all units, then that common element is not a

 limited common element. For instance, the club house and pool within a
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

 condominium development are common elements, as they are designed to serve all

 unit owners.

¶ 11 Unlike most condominium components, the limited common elements within

 the Community that are the subject of this action each serve only one unit. That is,

 no limited common element serves more than one unit. This is because each unit is

 housed within its own structure. No two units share the same structure.

¶ 12 Petitioners take the position that the outer walls, roof, and gutters of a building

 and serving a particular unit are limited common elements. As such, under the

 Declaration, the obligation to repair, maintain, and insure the roof, exterior walls

 (including siding), and gutters on a particular building falls on the owner whose unit

 is located within that building.

¶ 13 Respondents (and the Association Board) take the position that these

 components are common elements which do not fall within the subcategory of limited

 common elements. As such, the responsibility to repair, maintain, and insure falls

 on the Association as a whole, with the costs borne by all the unit owners through the

 payment of dues.

¶ 14 After a hearing on various motions, the trial court entered summary judgment

 for Respondents, essentially agreeing with the Association Board’s position that the

 Association bears the burden of maintaining the structures. Petitioners appealed.

 III. Standard of Review
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

¶ 15 Summary judgment is proper “if the pleadings, depositions, answers to

 interrogatories, and admissions on file, together with the affidavits, if any, show that

 there is no genuine issue as to any material fact and that any party is entitled to a

 judgment as a matter of law.” N.C. Gen. Stat. § 1A-1, Rule 56(c) (2020). We review

 an order granting summary judgment de novo. In re Will of Jones, 362 N.C. 569, 573,

 669 S.E.2d 572, 576 (2008).

 IV. Analysis

¶ 16 We have reviewed the record and briefs in this matter, and we conclude as

 follows:

 (1) the outer walls, roof and gutters on a building housing a unit
 are limited common elements pursuant to N.C. Gen. Stat.
 47C-2-102(4);

 (2) the Association is responsible for insuring all limited common
 elements, including the outer walls, roof and gutters of each
 building, against “loss or damage by fire, lightning, and such
 other perils” listed under Article X of the Declaration, and that
 said insurance shall be “paid for by the Association as a
 Common Expense,” as provided under Article X, Section 1(g);
 and

 (3) the responsibility to repair and maintain the walls, roof and
 gutters of a residential building is borne by the owner of the
 unit housed in that building. The Association has no
 responsibility to maintain and repair these components
 (except to the extent covered by insurance that the Association
 must maintain under Article X of the Declaration).

 We so conclude based on the reasoning below.
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

 A. Limited Common Elements

¶ 17 The outer walls, roof, and gutters do not fall within the definition of unit

 property as defined by the Declaration. Accordingly, they are common elements. The

 issue then becomes whether they are within the subset of common elements, known

 as limited common elements. (We note that there is a strong argument that the

 gutters are unit property as being a type of “pipe” serving a single unit. However, as

 explained below, even if they are properly categorized as unit property, the unit

 owners are still responsible for their maintenance and repair while the Association is

 responsible for insuring them.)

¶ 18 As it was developed after 1986, the Community is governed by the

 Condominium Act. See N.C. Gen. Stat. § 47C-1-102(a) (“This Chapter applies to all

 condominiums created within this State after October 1, 1986.”) The Condominium

 Act defines a limited common element as any “portion of the common elements

 allocated by the declaration or by operation of G.S. 47C-2-102(2) or (4) for the

 exclusive use of one or more but fewer than all the units.” N.C. Gen. Stat. § 47C-1-

 103.

¶ 19 It is undisputed that the outer walls, roofs, and gutters in question each serve

 fewer than all the units. In fact, they each serve one unit, as each building houses a

 single unit. Accordingly, the walls, roof, and gutters are limited common elements if

 either they are defined as such in the Declaration or if they are defined as such under
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

 N.C. Gen. Stat. § 47C-2-102(2) or (4).

¶ 20 It is not clear from the record that the outer walls, roofs, and gutters fall within

 the definition of limited common element as set forth in the Declaration. The

 Declaration does include within the definition of limited common element those

 “bearing walls” and “fixtures” which lie “partially within and partially outside the

 designated boundaries of a Unit” and which serve only one unit. However, the

 gutters, roofs, and siding seem to be located completely outside the boundaries of the

 unit and, therefore, do not fall within the Declaration’s definition of limited common

 element.

¶ 21 Nonetheless, the outer walls, roofs, and gutters do fall within the definition of

 limited common element as defined in Section 47C-2-102(4). That statute includes

 within the definition of limited common element “all exterior doors and windows or

 other fixtures designed to serve a single unit but located outside the unit’s boundaries”

 unless the declaration provides otherwise. Id. (emphasis added). In other words,

 each exterior fixture2 serving a single unit is a limited common element unless that

 fixture is otherwise defined as something else in the declaration. If the declaration

 2 Chapter 2 of Webster’s Real Estate Law in North Carolina recognizes that fixtures

 include any chattel affixed to the land, which can include a building or parts thereof. Our
 Supreme Court has recognized that a building can be a fixture if there was an intent at the
 time it was built to become part of the land upon which it was erected. See Lee-Moore v.
 Cleary, 295 N.C. 417, 420-21, 245 S.E.2d 720, 722-23 (1978).
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

 is silent regarding the classification of a type of exterior fixture serving a single unit,

 then the fixture is deemed a limited common element by virtue of Section 47C-2-

 102(4).

¶ 22 Here, the Declaration does list various components of the real property that

 are to be regarded as limited common elements. The Declaration, though, does not

 expressly categorize the exterior walls, roofs, or gutters or otherwise contain

 language that limits the definition of limited common elements to those components

 expressly mentioned. Accordingly, they are limited common elements by operation

 of Section 47C-2-102(4). See N.C. Gen. Stat. § 47C-1-103(13) (defining “limited

 common elements” as those common elements listed in Section 47C-2-102(4)).

 B. Insurance Obligations

¶ 23 Since the outer walls, roofs, and gutters are limited common elements, the

 Declaration puts the onus on the Association to insure them against certain perils.

 Specifically, Article X of the Declaration3 states as follows:

 Section 1. Fire and Extended Coverage Insurance. The
 Board shall have the authority and shall obtain insurance

 3 Appellants reproduced Article X of the Declaration as an exhibit to their brief. Our
 dissenting colleague correctly notes that only portions of the Declaration – which do not
 include Article X – were included in the record on appeal that is before us. We note, however,
 that the Declaration in its entirety is recorded in the Mecklenburg County Register of Deeds.
 We, therefore, take judicial under N.C. Gen. Stat. § 8C-1, Rule 201(b) (2020) of the
 Declaration, including Article X, as recorded. See In re Hackley, 212 N.C. App. 596, 601, 713
 S.E.2d 119, 123 (2011) (taking judicial notice of a recorded deed, a copy of which was attached
 as an exhibit to the appellant’s brief).
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

 for all buildings, structures, fixtures . . . constituting a part
 of the Common Elements, [and] the Limited Common
 Elements . . . against loss of damage by fire, lightning, and
 such other perils as are ordinarily insured against by
 standard extended coverage endorsements, and all other
 perils which are customary covered with respect to projects
 similar in construction, location and use[.]

 (Emphases added.)

¶ 24 Petitioners argue that the gutters are actually Unit Property rather than

 limited common elements. Specifically, Petitioners point to Article V of the

 Declaration, which includes within the definition of unit property “pipes” that serve

 “only one unit” whether “located inside or outside the designated boundaries of a

 Unit[.]” Petitioner contends that a gutter is a “pipe” as contemplated in this

 definition. We disagree. However, even if Petitioners are correct, Article X of the

 Declaration requires that such unit property also be insured by the Association:

 This insurance shall also . . . provide coverage for built-in
 or installed improvements, fixtures and equipment that
 are part of a Unit[.]

¶ 25 Further, Section 1(g) of Article X requires that the insurance “be paid for by

 the Association, as a Common Expense.”

¶ 26 The unit owner, though, is not prohibited by the Declaration from obtaining

 insurance for the same loss, though the insurance purchased by the Association shall

 “be primary[.]” Article X, Section 1(j).

 C. Repair and Maintenance Obligations
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

¶ 27 Even though the Association has the obligation to provide insurance coverage

 for the exterior walls, roofs, and gutters against certain perils, the Declaration

 provides that the unit owners respectively are responsible for their repair and

 maintenance. Specifically, Article VIII of the Declaration directs that the unit owners

 respectively are responsible for the repair and maintenance of any limited common

 element serving his/her unit except for the two parking spaces outside each unit

 serving that unit, each unit’s private exterior entrance, and each unit’s front porch.

¶ 28 And assuming that the gutters are unit property, it is still the unit owner who

 is responsible for their repair under Article VIII.

 V. Conclusion

¶ 29 We conclude that the exterior walls, roof, and gutters on each residential

 building are limited common elements. We conclude that the Association must

 maintain insurance for these elements against certain perils as provided in Article X

 of the Declaration. As such, the Association may collect dues to pay for this insurance.

 We also conclude that each unit owner is responsible for the repair and maintenance

 of these elements serving his/her unit.

¶ 30 We, therefore, affirm in part and reverse in part the trial court’s order and

 remand for further proceedings consistent with this opinion.

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

 Judge ZACHARY concurs.
 ALEXANDER V. BECKER

 2021-NCCOA-582

 Opinion of the Court

Judge HAMPSON concurs in part and dissents in part.
 No. COA20-802 – Alexander v. Becker

 HAMPSON, Judge, concurring in part and dissenting in part.

¶ 31 I agree with the majority opinion that this matter must be remanded to the

 trial court for further proceedings. I also tend to agree with the majority opinion, at

 least on the limited Record before us, the repair and maintenance obligations for the

 condominium units fall on the individual unit owners. I dissent in limited part,

 however, based on the scope of the remand and, specifically, as it relates to the

 insurance coverage obligations.

¶ 32 The majority opinion hits on what I perceive as the key issue in this case: the

 interplay of the Condominium Declaration and the Condominium Act. Specifically,

 the question is whether the Declaration at issue here was intended to supplement the

 provisions of the Condominium Act or, alternatively, to vary from the provisions of

 the Condominium Act. My supposition, given the individualized nature of the

 condominium units here—more in the nature of stand-alone single-family

 dwellings—is that the original intent was to modify and vary from the Condominium

 Act’s provisions to accommodate the fact these units operate more as single-family

 residences than as traditionally imagined “condos.” The problem, however, is that

 absent from the Record before us, and thus presumably before the trial court, is a full

 version of the Declaration from which to be sure. The parties instead rely only on

 excerpts (and incomplete ones at that) to argue for their respective positions. For

 example, we are provided with multiple copies of Article VI titled Common and

 Limited Common Elements, which simply cuts off in mid-sentence while defining
 ALEXANDER V. BECKER

 2021-NCCOA-582

 HAMPSON, J., concurring in part and dissenting in part.

 Limited Common Elements. Therefore, I am unsure what the rest of this Article says

 let alone intends. Thus, any supposition about the intent of the Declaration on the

 Record before us is just that: supposition.

¶ 33 Relatedly, the parties fail to engage on the underlying legal question: to what

 extent a Condominium Declaration may vary the terms of the Condominium Act.

 Ultimately, then there are two central questions left unanswered here: (1) does the

 Declaration supplement the provisions of the Act or attempt to vary from the

 provisions of the Act; and (2) if the Declaration varies from the Condominium Act

 (rather than supplementing the Act), does it do so in a way that is consistent or

 permissible under the Condominium Act?

¶ 34 In the absence of answers to these two questions, entry of judgment in this

 matter was premature. Consequently, I would simply vacate the trial court’s

 Judgment in full and remand this matter to permit further proceedings.